Rayford PRICE and Barbara Ashley Price, Plaintiffs-Appellees,

v.

DREXEL BURNHAM LAMBERT, INC. and George Wilmot, Defendants-Appellants.

No. 85–1524.

United States Court of Appeals, Fifth Circuit.

June 11, 1986.

Edward S. Koppman, Patricia A. Nolan, Dallas, Tex., for defendants-appellants.

Robert F. Watson, Law, Snakard, Brown, H. Allen Pennington, Jr., Fort Worth, Tex., for plaintiffs-appellees.

Before GEE, RUBIN, and GARZA, Circuit Judges.

GARZA, Circuit Judge:

On November 22, 1982, Rayford Price and Barbara Ashley Price (the "Prices") established a brokerage account with Drexel, Burnham Lambert, Inc. ("Drexel").[1] At that time they signed a Customer's Agreement that contained the following provision:

> *Sixteenth:* Any controversy between you and the undersigned arising out of said account or relating to this contract or the breach thereof, shall be settled by arbitration, in accordance with the rules, then obtaining, of the American Arbitration Association, the New York Stock Exchange, Inc., the American Stock Exchange, Inc., or the National Association of Securities Dealers, Inc., as the undersigned may elect.

The Prices later executed a Client's Option Agreement and Approval Form that contained similar language.

On December 19, 1983, the Prices filed suit against Drexel, asserting violations of both federal and state law in the handling of their brokerage account. Following discovery and other pretrial activity, Drexel

---

**1.** George Wilmot, a Drexel employee, handled the Prices' account. Drexel and Wilmot will be collectively referred to as "Drexel".

moved for dismissal and summary judgment on March 19, 1985. Drexel, on March 20, 1985, gave written notice of its demand for arbitration under the foregoing agreements. The Prices advised Drexel that they declined to submit any of their claims to arbitration, asserting that Drexel had waived or was estopped from demanding arbitration and, alternatively, that some of their claims were not arbitrable.

On April 23, 1985, Drexel filed a Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration. Drexel asserted that: (1) the Prices' claims were subject to the Federal Arbitration Act, 9 U.S.C. § 2 et seq., and therefore, required the district court to stay the Prices' suit on issues referable to arbitration under the Customer's Agreement and the Option Agreement; (2) the Prices' claims are all subject to the arbitration clauses provided in the Customer's and Option Agreements; (3) it neither waived nor was estopped from asserting its right to arbitration because, prior to *Dean, Witter, Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 8 L.Ed.2d 158 (1985), the case law of this circuit would have precluded arbitration of the Prices' claims under the doctrine of "intertwining"; (4) it had not engaged in dilatory conduct because it demanded arbitration promptly after the Supreme Court rendered its decision in *Byrd;* and (5) the Prices would not be prejudiced in proceeding to arbitration.

In an Order filed July 11, 1985, the district court ruled that Drexel had waived its right to compel arbitration. The court found that Drexel had substantially invoked the litigation process and that the Prices had shown sufficient prejudice to justify a finding of waiver. Drexel appeals the district court's Order. Finding jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), we now affirm.

## WAIVER OF ARBITRATION

 The Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In *Byrd* the Supreme Court stated that "the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed ... absent a ground for revocation of the contractual agreement." 105 S.Ct. at 1241. (emphasis in original). Moreover, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of *waiver,* delay or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) (emphasis added) (footnote omitted).

 Nevertheless, the right to arbitration, like any contractual right, may be waived. *Miller Brewing Co. v. Fort Worth Distributing Co., Inc. (FWDC),* 781 F.2d 494, 497 (5th Cir.1986); *Sedco, Inc. v. Petroleos Mexicanos Mexican National Oil Co. (Pemex),* 767 F.2d 1140, 1150 (5th Cir.1985). Although "[t]he burden on one seeking to prove a waiver of arbitration is a heavy one," *Sibley v. Tandy Corp.,* 543 F.2d 540, 542 (5th Cir.1976), *cert. denied,* 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977), "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewing,* 781 F.2d at 497 (footnote omitted). As this court noted in *E.C. Ernst, Inc. v. Manhattan Construction Co. of Texas,* 559 F.2d 268 (5th Cir.1977),

> [w]hen one party reveals a disinclination to resort to arbitration on any phase of suit involving all parties, those parties are prejudiced by being forced to bear the expenses of a trial ... Arbitration is designed to avoid this very expense. Substantially invoking the litigation machinery qualifies as the kind of prejudice ... that is the essence of waiver.

*Id.* at 269.

In its Order denying Drexel's Motion to Compel Arbitration, the district court found

that Drexel "initiated extensive discovery, answered twice, filed motions to dismiss and for summary judgment, filed and obtained two extensions of pre-trial deadlines, all without demanding arbitration." The court further found that the "mounting attorneys fees," "seventeen-month delay," and "disclosure which has resulted from the numerous depositions and production of documents" constituted prejudice sufficient to prevent Drexel from invoking arbitration. The court, therefore, concluded that Drexel had waived its right to demand arbitration.

## STANDARD OF REVIEW

Our primary task is to determine the standard by which to review the district court's finding that Drexel waived its right to compel arbitration. If the issue is treated as factual, the district court's decision is final unless clearly erroneous. F.R.Civ.P. 52(a). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 394–95, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948)). On the other hand, if the issue is treated as legal, the district court's conclusion is subject to plenary review. *Matter of Missionary Baptist Foundation of America, Inc.*, 712 F.2d 206, 209 (5th Cir. 1983).

Whether waiver of the right to arbitration is an issue of fact or law has heretofore not been clearly elucidated in this circuit. Some decisions appear to treat the question as one of fact. *See e.g., Burton-Dixie Corp. v. Timothy McCarthy Construction Co.*, 436 F.2d 405, 408 (5th Cir. 1971) ("There is no set rule, however, as to what constitutes a waiver or abandonment of the arbitration agreement. The question depends upon the facts of each case and usually must be determined by the trier of facts"). *Accord, Tenneco Resins,*

*Inc. v. Davy International, AG*, 770 F.2d 416, 420 (5th Cir.1985); *Howard Hill, Inc. v. George A. Fuller Co., Inc.*, 473 F.2d 217, 218 (5th Cir.1973). Others treat the issue as one of law. *See e.g., Southwest Industrial Import & Export, Inc. v. Wilmod Co., Inc.*, 524 F.2d 468, 470, n. 3 (5th Cir. 1975) ("We consider the question of waiver to be a conclusion of law not subject to the strictures of limited review dictated by F.R. Civ.P. 52(a) as to factual findings of the Trial Court"). Most recently, in *Miller Brewing Co., supra*, this court treated waiver of arbitration as a legal conclusion. 781 F.2d at 496–97.

■ It appears to us that a finding that a party has waived its right to arbitration is a legal conclusion subject to our plenary review, *but* that the findings upon which the conclusion is based are predicate questions of fact, which may not be overturned unless clearly erroneous. With this standard in mind, we turn to the case at bar.

### 1. *Prejudice*

■ On appeal Drexel argues that the district court erred in its finding that the Prices had been prejudiced. Drexel makes several arguments. First, Drexel asserts that pretrial discovery below related to nonarbitrable claims, and therefore, could not have prejudiced the Prices. Although we agree that pretrial discovery relating to nonarbitrable subject matter cannot prejudice a party opposing arbitration, *see Dickinson v. Heinold Securities, Inc.*, 661 F.2d 638, 642 (7th Cir.1981), our review of the record discloses pretrial activity relating to *all* the Prices' claims, including claims which Drexel maintains are arbitrable.

■ Second, Drexel contends that pretrial discovery initiated either by the Prices or by agreement of the parties should not be deemed prejudicial. We find no merit in this argument. Neither a party's participation nor cooperation in the discovery process should affect a trial court's determination of prejudice and waiver of arbitration rights. Any other result would defeat

Congress' intent in promoting liberal discovery.

Third, Drexel asserts that the Prices have not been prejudiced because, at the time of its motion to compel arbitration, the pretrial discovery in this case was not "meaningful" in the sense that it did not cause the Prices to incur considerable delay and expense. Drexel adds that, in any event, attorney's fees and other pretrial costs to the Prices would have been incurred in preparation for arbitration proceedings. The record does not support Drexel's contention.

For example, the costs incurred by the Prices in responding to Drexel's motion to dismiss and for summary judgment would not have been incurred in preparation for arbitration. Moreover, discovery—whether meaningful or otherwise—is not available in arbitration, and could properly form the basis for a finding of prejudice. In light of the foregoing, we must conclude that the district court's finding that the Prices have been prejudiced from pretrial activity is not clearly erroneous.

### 2. *Waiver*

Alternatively, Drexel argues that any prejudice to the Prices from pretrial activity is insufficient to support the conclusion that Drexel has waived its right to compel arbitration. According to Drexel, the district court overstated the extent of pretrial activity below. Drexel first contends that the reference to the deadline for pretrial orders reveals the court's incorrect assessment. The court's Order states

> that substantial invocation of the litigation process has occurred when, three weeks before pre-trial orders are due, and after initiating substantial pre-trial activity, defendants seek another forum.

Drexel correctly notes that the deadline for pretrial orders was eventually extended to October 15, 1985. However, Drexel's point misses the fact that at the time Drexel moved to compel arbitration on April 23, 1985, the pretrial order deadline was scheduled for May 31. The district court rendered its Order, filed July 11, almost two

months before it extended the deadline for pretrial orders to October 15. While the parties may not have been on the eve of trial in April, 1985, the court's reference to a deadline in effect at the time of Drexel's motion does not in itself detract from the assessment that substantial pretrial activity had occurred.

More apropos is Drexel's argument that the case law of this court and other circuits compels a finding that the prejudice in this case is insufficient to constitute a waiver of Drexel's arbitration right. In *Tenneco Resins, Inc. v. Davy International, AG,* 770 F.2d 416, 420 (5th Cir.1985), we held that a defendant had not waived its right to arbitration, where it

> waited almost eight months before moving that the district court proceedings be stayed pending arbitration, and, in the meantime, [filed an answer to Tenneco's complaint, filed interrogatories and a request for production of documents, moved for a protective order, and agreed to a joint motion for continuance requesting an extension of the discovery period].

Drexel maintains that "if there was no waiver in *Tenneco,* there surely should be no waiver under the unique circumstances of the instant case."

In *Tenneco* this court concluded that the party opposing arbitration had not been sufficiently prejudiced from pretrial activity to infer waiver. However, that conclusion rested on a finding that only a minimal amount of discovery had occurred.

> [w]hen only a minimal amount of discovery has been conducted ... the court should not ordinarily infer waiver based upon prejudice to the party opposing the motion to stay litigation ... particularly when, as here, the defendant *clearly stated the desire to arbitrate the matter in its original answer and continued to assert the desire for arbitration during the discovery process.*

*Id.* at 421 (emphasis added).

■ Drexel claims that assertion of the arbitration right prior to a motion to compel arbitration was not critical in *Tenneco,*

and should not be an important factor here. While the mere failure to assert the right to demand arbitration does not alone translate into a waiver of that right, *see Rush v. Oppenheimer & Co.,* 779 F.2d 885, 889 (2d Cir.1985), such failure does bear on the question of prejudice, and may, along with other considerations, require a court to conclude that waiver has occurred. The court below, in fact, listed Drexel's failure to demand arbitration as one of several factors that prejudiced the Prices.

It is well established that where a party asserts the right to demand arbitration during pretrial proceedings, the party later opposing a motion to compel arbitration necessarily bears a heavy burden in showing waiver. *See e.g. Southwest Industrial Import & Export, Inc. v. Wilmod Co., Inc.,* 524 F.2d 468, 470 (5th Cir.1975) ("where as here the party seeking arbitration has made a timely demand for arbitration at or before the commencement of judicial proceedings in the Trial Court, the burden of proving waiver falls even more heavily on the shoulders of the party seeking to prove waiver"); *General Guaranty Insurance Co. v. New Orleans General Agency, Inc.,* 427 F.2d 924, 929, n. 5 (5th Cir.1970). ("Once the defendant, by answer, has given notice of insisting on arbitration the burden is heavy on the party seeking to prove waiver"). A demand for arbitration puts a party on notice that arbitration may be forthcoming, and therefore, affords that party the opportunity to avoid compromising its position with respect to arbitrable and nonarbitrable claims. Conversely, where a party fails to demand arbitration during pretrial proceedings, and, in the meantime, engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised, i.e., prejudiced.

It bears emphasizing that several of the authorities upon which Drexel relies, including authorities cited in *Tenneco,* refer to the presence of a timely arbitration demand to support the conclusion that waiver had not occurred. *See e.g. Hilti, Inc. v.*

*Oldach,* 392 F.2d 368, 371 (1st Cir.1968) (where "defendant's answer, in its special defense, served notice on plaintiff of the arbitration defense ... the burden is heavy on one who would prove waiver"); *Sevinor v. Merrill Lynch Pierce Fenner & Smith,* No. 84-3240-N, Order (D.Mass. July 19, 1985) ("The Court is concerned that defendants' use of time extensions, at the very least, appears to be disingenuous; but any harm caused by this tactic is ameliorated by defendants' Ninth Affirmative Defense in which defendants expressly put plaintiffs on notice of defendants' position on arbitration").

Drexel next draws our attention to other authorities which it claims supports a conclusion that waiver has not occurred in the instant case. A review of these decisions, however, shows that in each case prejudice to the party opposing arbitration was not found. *See e.g. Dickinson,* 661 F.2d at 641–42 (preliminary negotiations concerning a settlement and plaintiff's conduct, including discovery, is insufficient to constitute waiver"); *Shinto Shipping Co., Ltd. v. Fibrex & Shipping Co., Inc.,* 572 F.2d 1328, 1330 (9th Cir.1978) ("the appellant was not prejudiced by the three depositions taken in August and September of 1976"); *J & S Construction Co., Inc. v. Travelers Indemnity Co.,* 520 F.2d 809, 809–10 (1st Cir.1975) ("The district [court's ruling] that the delay in requesting arbitration and the defensive response to the filed claim did not constitute waiver ... is supported by the record, there having been no showing of prejudice"); *American Dairy Queen Corp. and DQF, Inc. v. Tantillo,* 536 F.Supp. 718, 722 (M.D.La.1982) ("Not only is there no substantial litigation on behalf of the mover, but the plaintiffs have failed to show how they have been prejudiced"). As discussed above, the district court here found that the party opposing arbitration, the Prices, had been prejudiced.

Moreover, the district court's conclusion that prejudice to the Prices was sufficient to constitute a waiver of Drexel's right to invoke the arbitration process is not without support. In *Bengiovi v. Prudential-*

*Bache Securities, Inc.,* [1984–85 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 92,012, at 91,013 (D.D.C. April 25, 1985), the court denied a motion to compel arbitration eight and one-half months after the complaint had been filed, and only four and one-half weeks before trial, where the defendants failed to raise the defense of arbitration, participated in several discovery procedures, and ultimately, moved for partial summary judgment.

> As a result of these actions, plaintiff has been required to produce documents, answer deposition questions, and file an opposition to the summary judgment motion ... In light of this delay in seeking arbitration *and the resulting prejudice to plaintiff,* Pru-Bache cannot now rely on the Customer Agreement to compel arbitration.

*Id.* at 91,018 (emphasis added) (footnotes omitted).

■ We note that Drexel's conduct is similar to Prudential-Bache's conduct in *Bengiovi.* Particularly analogous is the time and expense each plaintiff incurred in defending a motion for summary judgment. Unlike a perfunctory motion to dismiss before answering, under Fed.R.Civ.P. 12(b), Drexel's motion to dismiss and for summary judgment could not have caused anything but substantial prejudice to the Prices. *Cf. Rush,* 779 F.2d at 888 (distinguishing "the expense of having to defend a motion for partial summary judgment" in *Bengiovi* from a motion to dismiss made before filing an answer.) We hold that Drexel's conduct adequately supports the district court's conclusion that the prejudice to the Prices was sufficient to prevent Drexel from invoking the arbitration process.

### *BYRD* AND INTERTWINING

■ Drexel makes two arguments in claiming that waiver should not be found

notwithstanding any prejudice the Prices have incurred. First, Drexel argues that, under *Byrd, supra,* the prejudice to the party opposing arbitration must be measured in light of the strong federal policy favoring arbitration, and, therefore, must be balanced against the prejudice to the moving party from a denial of a motion to compel arbitration. The policy of the Federal Arbitration Act—to place arbitration agreements on the same footing as other contracts—and the ruling in *Byrd* do not require an alteration of the test for determining a waiver of arbitration rights. Prejudice to the party opposing arbitration, not prejudice to the party seeking arbitration, is determinative of whether a court should deny arbitration on the basis of waiver.[2]

Second, according to Drexel, waiver should not be found where, as here, arbitrable and nonarbitrable claims are "intertwined". Drexel contends that a motion to compel arbitration prior to *Byrd,* which overruled the "doctrine of intertwining" followed in this circuit, would have been futile.

This court has previously held that a district court may properly deny a stay pending arbitration of arbitrable claims when those issues are inextricably interwoven with nonarbitrable claims. *Smoky Greenhaw Cotton Co., Inc. v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 720 F.2d 1446, 1448 (5th Cir.1983); *Sibley v. Tandy Corp.,* 543 F.2d 540, 543 (5th Cir. 1976), *cert. denied,* 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977). The intertwining doctrine exception to the broad pro-arbitration policy embodied in the Federal Arbitration Act, which also had been adopted by the Eleventh and Ninth Circuits, was expressly rejected in *Byrd.* 105 S.Ct. at 1241. Drexel maintains that due to its

---

**2.** We note that certain decisions hold that prejudice to the objecting party is but one of the relevant circumstances in determining waiver. *See e.g. Dickinson,* 661 F.2d at 641 ("The essential question is whether, under the totality of the circumstances, the defaulting party acted 'inconsistently with the arbitration right'") (quoting

*Midwest Window Systems, Inc. v. Amcor Industries, Inc.,* 630 F.2d 535, 536 (7th Cir.1980) (footnote omitted). *Byrd,* however, casts doubt on the use of criteria other than "prejudice" to the party opposing arbitration in determining whether arbitration rights have been waived.

prompt demand for arbitration shortly after *Byrd* was decided, its conduct since the initiation of this lawsuit cannot be considered "dilatory".

We accept Drexel's position that it proceeded below in a nondilatory manner and in the belief that the district court would have denied a motion to compel arbitration under the doctrine of intertwining. We do not accept Drexel's contention that such a motion would have been futile, and therefore, that a finding of waiver is unjustified in this case.

In *Sibley* we held that "when it is impractical if not impossible to separate out non-arbitrable federal securities law claims from arbitrable contract claims, a court should deny arbitration in order to preserve its exclusive jurisdiction over the federal securities act claims." 543 F.2d at 543. Under this ruling the district courts were required to determine *on the facts of each case* whether arbitrable and nonarbitrable claims were sufficiently interwoven to preclude enforcement of an otherwise valid agreement to arbitrate. However, having failed to put the question of arbitration before the district court, Drexel cannot be heard to say that a motion to compel arbitration would have been futile, even if certain claims, standing alone, are nonarbitrable.

Drexel correctly notes that in *Ackerman v. Drexel Burnham Lambert, Inc.*, Civ. No. 84-6739 (S.D.Fla. May 14, 1985), the court ruled that a motion to compel arbitration, before *Byrd*, would have been futile, and that, therefore, failure to file such a motion at the commencement of a securities action did not constitute waiver. We simply cannot agree. As the Prices note, Drexel's argument is undercut by the *Byrd* decision itself, since the decision would never have reached the Supreme Court but for the defendant's insistence on arbitration in the face of the intertwining doctrine. Moreover, Drexel's futility argument assumes that the Prices would have objected to arbitration had it been raised *ab initio*.

We conclude that the doctrine of intertwining followed in this circuit until overruled in *Byrd* did not render a motion to compel arbitration futile, even where certain claims were nonarbitrable. Drexel's claim that waiver should not be found here on this basis is rejected.

## CONCLUSION

In sum we hold that a determination that a party has waived its right to compel arbitration is a legal conclusion subject to plenary review; however, a finding of prejudice in support of that conclusion is a question of fact subject to the clearly erroneous standard of review. We conclude that the district court's finding that the Prices had been prejudiced from pretrial activity was not clearly erroneous, and that the degree of prejudice was sufficient to support its conclusion that Drexel had waived the right to demand arbitration. Neither the Supreme Court's ruling in *Byrd* nor the doctrine of intertwining which *Byrd* overruled require a different result.

Accordingly, the district court's Order denying Drexel's Motion to Compel Arbitration is hereby affirmed.

AFFIRMED.