**EAGLE TRAFFIC CONTROL, INC.**

v.

**JAMES JULIAN, INC., et al.**

**Civil Action No. 96–CV–2454.**

United States District Court,
E.D. Pennsylvania.

Nov. 20, 1996.

Joseph A. McGinley, Lavin, Coleman, O'Neil, Ricci, Finarelli and Gray, Philadelphia, PA, for Plaintiff.

Stanley C. Macel, III, Connolly, Bove, Lodge and Hutz, Wilmington, DE, for Defendants.

### MEMORANDUM

JOYNER, District Judge.

Defendants move this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), to order arbitration of certain claims in this action, and to stay all proceedings pending arbitration. Plaintiff opposes the motion on the grounds, *inter alia,* that Defendants have waived their right to compel arbitration at this stage of the litigation.

Our Court of Appeals has held that, given "the strong preference for arbitration in federal courts, waiver 'is not to be lightly inferred.'" *PaineWebber Inc. v. Faragalli,* 61 F.3d 1063, 1068 (3d Cir.1995) (citations omitted). Waiver in this context "will normally be found only 'where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery.'" *Id.* at 1068–69 (quoting *Gavlik Const. Co. v. H.F. Campbell Co.,* 526 F.2d

.777, 783 (3d Cir.1975)). With prejudice as "the touchstone for determining whether the right to arbitrate has been waived," courts in this Circuit may consider the timeliness of the motion to compel, as well as

> the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims, whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceeding, the extent of its non-merits motion practice, its assent to the district court's pretrial orders, and the extent to which both parties have engaged in discovery.

*Hoxworth v. Blinder, Robinson & Co., Inc.,* 980 F.2d 912, 925–927 (3d Cir.1992) (internal citations omitted); *PaineWebber,* 61 F.3d at 1069 n. 4. The FAA establishes, however, that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hosp. v. Mercury Const.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

We find that, despite our preference for arbitration and resolving all doubts in its favor, Defendants have waived their alleged contractual rights in this case. First, while the seven month delay in demanding arbitration is not especially long when compared with other cases, *cf. PaineWebber,* 61 F.3d 1063 (no waiver where delay was 2 months); *Hoxworth,* 980 F.2d 912 (waiver where delay was 11 months), the parties have engaged in extensive discovery—indeed, discovery was to have been completed only one week after Defendants filed the instant motion. Defendants alone have served 190 interrogatories, conducted 10 depositions, filed two discovery motions and responded to several more. That the information produced can also be used in the related Delaware state court action does not make such discovery any less extensive, burdensome, or inconsistent with an intent to arbitrate. *See Morewitz v. West of England,* 62 F.3d 1356, 1366 (11th Cir. 1995) ("Waiver occurs when a party seeking

arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party."), *cert. denied,* —— U.S. ——, 116 S.Ct. 915, 133 L.Ed.2d 845 (1996); *Price v. Drexel Burnham Lambert, Inc.,* 791 F.2d 1156, 1161 (5th Cir.1986) ("where a party fails to demand arbitration during pretrial proceedings, and, in the meantime, engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised, i.e. prejudiced"), *quoted in Hoxworth,* 980 F.2d at 926. In addition, Defendants (1) vigorously contested the merits of Plaintiff's claims in their motion to dismiss (granted in part by our Order dated July 19, 1996), (2) assented to our pretrial orders, and (3) gave no notice prior to filing this motion, to our knowledge, that it intended to seek arbitration. In all, Plaintiff has allegedly already incurred almost $100,-000 in attorney's fees in the course of this litigation.

Finally, we agree with Plaintiff that this case is quite similar on its facts to *Hoxworth,* in which the Third Circuit held that defendants waived their right to arbitration by "actively litigating [their] case for almost a year." 980 F.2d at 925. There, as here, the defendants participated in pretrial proceedings, filed a motion to dismiss, took multiple depositions, and prompted plaintiffs to file discovery motions by their conduct during discovery. *Id.* at 925–26.[1] *See also National Foundation for Cancer Research v. A.G. Edwards & Sons,* 821 F.2d 772, 777 (D.C.Cir. 1987) ("Substantial invocation of the litigation process," combined with "forc[ing the opposing party] to litigate the substantive issues in the case, including its arbitrable claims," is sufficient prejudice to constitute a waiver), *quoted in Hoxworth,* 980 F.2d at 926; *Miller Brewing Co. v. Fort Worth Distrib. Co.,* 781 F.2d 494, 497 (5th Cir.1986) ("Substantially invoking the litigation machinery qualifies as the kind of prejudice ... that is the essence of waiver."), *quoted in Hoxworth,* 980 F.2d at 926. We also find that the two pre-*Hox-*

*worth* district court opinions that Defendants cite are not persuasive.

We therefore hold that Defendants, by actively litigating this action for the past seven months, have waived their right to compel arbitration at this late date. Accordingly, Defendants' motion is denied. An appropriate Order follows.

### *ORDER*

AND NOW, this 20th day of November, 1996, upon consideration of Defendants' Motion to Stay this Action Pending Arbitration of Arbitrable Issues Asserted in Plaintiff's Complaint, and Plaintiff's Response thereto, it is hereby ORDERED that Defendants' Motion is DENIED.

---

**1.** The *Hoxworth* defendants had, in addition, participated in "numerous" pretrial proceedings and moved to disqualify plaintiffs' counsel. 980 F.2d at 925.