**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40425

_____

TRISTAR FINANCIAL INSURANCE AGENCY, INC.;
SECURITY INSURANCE COMPANY OF HARTFORD;
PEAK PROPERTY AND CASUALTY CO.; TRISTAR
MANAGING GENERAL AGENCY,

Plaintiffs-Counter Defendants-Appellees,

versus

EQUICREDIT CORPORATION OF AMERICA,

Defendant-Counter Claimant-Appellant.

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 4:02-CV-160)

_____

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Equicredit Corporation of America (Equicredit) appeals the district court's interlocutory order denying its motion to compel arbitration. We reverse, for the following reasons:

1. The Federal Arbitration Act (FAA) "expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 471 (5th Cir. 2002).

2. We review de novo the district court's decision to deny a motion to compel arbitration. Am. Heritage Life Ins. Co. v. Lang, 321 F.3d 533, 536 (5th Cir. 2003). We have also held that "[i]t appears to us that a finding that a party has waived its right to arbitration is a legal conclusion subject to our plenary review, but that the findings upon which the conclusion is based are predicate questions of fact, which may not be overturned unless clearly erroneous." Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1159 (5th Cir. 1986). In the pending case, the district court made no underlying findings of fact, so review is de novo.

3. We are persuaded that the 1999 Service Agreement (the 1999 agreement) compels arbitration of this dispute between Equicredit and plaintiff-appellee Tristar Managing General Agency, Inc. The agreement provides in § 11.01 that it supersedes all previous oral and written agreements, and provides in § 11.14 that controversies arising out of the 1999 agreement "or any related agreements or instruments shall be determined by binding arbitration." By virtue of § 11.05, which extends the 1999 agreement to

2

affiliates, the arbitration clause also covers appellee Tristar Financial Insurance Agency, Inc., an affiliate of Tristar Managing General Agency, Inc. (collectively Tristar).

4. We are further persuaded Equicredit has not waived its right to arbitrate by threatening litigation, filing motions in the district court action, conducting discovery, and waiting eight months to file its motion to compel arbitration. At the outset, we do not agree with Equicredit that waiver of arbitration is itself an issue that should be decided in arbitration. While waiver can be characterized as a procedural issue, and while we have recognized that the arbitrator "generally decides whether the parties complied with the agreement's procedural rules," Gen. Warehousemen & Helpers Union Local 767 v. Albertson's Distribution, Inc., 331 F.3d 485, 488 (5th Cir. 2003), waiver in this case depends on the conduct of the parties before the district court, and the court, not the arbitrator, is in the best position to decide whether the conduct amounts to a waiver under applicable law. Questions of arbitrability are for the court "where contracting parties would likely have expected a court to have decided the gateway matter." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) Contracting parties would expect the court to decide whether one party's conduct before the court waived the right to arbitrate.

5. Despite the strong federal policy favoring arbitration, the right to arbitration may be waived. Price, 791 F.2d at 1158. A "waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." Id. (brackets, internal quotation marks omitted). "Waiver of arbitration is not a favored finding, and there is a presumption against it." Miller

3

Brewing Co. v. Fort Worth Distributing Co., 781 F.2d 494, 496 (5th Cir. 1986). "It is well established that where a party asserts the right to demand arbitration during pretrial proceedings, the party later opposing a motion to compel arbitration necessarily bears a heavy burden in showing waiver." Price, 791 F.2d at 1161. Any doubts "should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or any allegation of waiver, delay or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 (1983).

6. Appellees did not carry their heavy burden of showing a waiver. They do not persuade us that they have suffered unfair prejudice by Equicredit's delay in seeking arbitration. Both sides have conducted discovery, some of which would have been allowed in arbitration anyway. Appellees initiated this suit in federal district court and obviously intended to participate in such pretrial proceedings and discovery as are routine in that forum.

7. Equicredit's eight-month delay in seeking arbitration does not compel a finding of waiver. Delay by itself "falls far short" of establishing a waiver. Texaco Exploration & Prod. Co. v. AmClyde Engineered Prods. Co., 243 F.3d 906, 912 (5th Cir. 2001). In Price, we noted that in Tenneco Resins, Inc. v. Davy Int'l, AG, 770 F.2d 416 (5th Cir. 1985), we held that a party had not waived its right to arbitration where it

> waited almost eight months before moving that the district court proceedings be stayed pending arbitration, and, in the meantime, [filed an answer to Tenneco's complaint, filed interrogatories and a request for

production of documents, moved for a protective order, and agreed to a joint motion for continuance requesting an extension of the discovery period].

Price, 791 F.2d at 1160 (quoting Tenneco Resins, 779 F.2d at 420).

8. We have reviewed the record, briefs, and arguments of counsel, and are persuaded that Equicredit was simply unaware of the 1999 agreement until it was produced in discovery, and promptly moved to compel arbitration once it became aware of the arbitration clause. It also moved for a stay and an expedited ruling on the motion to compel arbitration. Equicredit was in the process of winding down its business and vastly downsizing its staff during the litigation and did not have the ready access to important documents that would be expected of a typical ongoing corporate enterprise. According to the appellees' original complaint, Equicredit sold its loan portfolio and all the Equicredit employees who dealt with Tristar are now gone. Given these circumstances and the apparent inadvertence of Equicredit in failing to discover the 1999 agreement, Equicredit should not be deemed to have waived its right to arbitrate. Waiver is ordinarily the knowing and voluntary relinquishment of a known right. See United States v. Olano, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.") (internal quotation marks omitted). Such a knowing waiver did not occur here. We have also explained, along the same lines, that the invocation of the judicial process that effects a waiver requires the waiving party to demonstrate a desire to resolve the arbitrable dispute through litigation rather than arbitration. Texaco Exploration, 243

5

F.3d at 912; Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 329 (5th Cir. 1999). Litigating a dispute in ignorance of the right to arbitrate does not demonstrate such a desire.

9. The result would be different if Equicredit deliberately took advantage of the procedures available in court and then sought to compel arbitration. We are persuaded from the record that Equicredit did not so act. The result might also be different if Equicredit sought arbitration only after suffering a major defeat in district court. Again, we are persuaded that Equicredit is not attempting two bites at the apple. It moved to compel arbitration shortly after discovering the existence of the 1999 agreement. Appellees did not demonstrate deliberate delay on Equicredit's part in seeking arbitration. The pending case is distinguishable from a case such as Miller, where the party seeking arbitration was aware of the arbitration clause, continued to litigate in state court, and sought arbitration only after the court case was dismissed. See Miller, 781 F.2d at 496.

10. We do not condone a party's failure to apprise itself of its own key documents in litigation. We note, however, that appellees did not mention the 1999 agreement in their original complaint, but instead only made mention of a 1997 service agreement that did not contain an arbitration clause. Only after Equicredit discovered the 1999 agreement and moved to compel arbitration did appellees seek leave to file an amended complaint making reference to the 1999 agreement as an agreement relevant to the dispute. We can only conclude that appellees either deliberately concealed the existence of the 1999 agreement, hoping to induce a waiver of arbitration by Equicredit, or were themselves

6

unaware of it or its significance. In either case they are not on a sound footing in arguing that Equicredit waived its right to arbitrate by failing to discover the 1999 agreement earlier.

11. Appellees argue that even after Equicredit filed the motion to compel arbitration and was thus clearly aware of the arbitration agreement, it continued to use the judicial process by conducting discovery. We find this argument unpersuasive because Equicredit had little choice but to conduct key discovery as it was facing a discovery and dispositive motions cutoff and could not know how or when the court would rule on the motion to compel arbitration. Again, this conduct, as well as the discovery conducted by Equicredit after its motion to compel arbitration was denied, does not evince a desire to litigate rather than arbitrate.

12. Insofar as appellees argue that arbitration should not be ordered because appellees Security Insurance Co. of Hartford and Peak Property and Casualty Co. are not subject to the 1999 agreement, the law is clear that "an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." Moses H. Cone, 460 U.S. at 20. The FAA not only contemplates piecemeal litigation, but "requires piecemeal resolution when necessary to give effect to an arbitration agreement." Id. (emphasis in original). "The preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce

7

agreements to arbitrate, even if the result is 'piecemeal' litigation . . . ." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985).

13. Insofar as appellees argue that the 1999 agreement is not enforceable because it has expired, this dispute concerns claims under policies issued pursuant to the 1999 agreement. In Litton Financial Printing Division v. NLRB, 501 U.S. 190 (1991), the Supreme Court held that a dispute should go to arbitration under the terms of an expired collective bargaining agreement if the dispute arises under the agreement. The dispute arises under the agreement if "it involves facts and occurrences that arose before expiration, where an action taken after expiration infringes a right that accrued or vested under the agreement, or where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement." Id. at 206. In this case, the dispute involves claims based on facts and occurrences that arose before expiration of the agreement. While Litton involved a labor arbitration dispute, the decision is not based on peculiarities of labor law and we find its reasoning and holding applicable to the pending case.

14. Accordingly, the order denying the motion to compel arbitration is reversed, and we remand the case to the district court with instructions to order Tristar and Equicredit to arbitration, and to conduct such further proceedings as the court deems appropriate.

REVERSED and REMANDED.