Opinion issued
August 25, 2011.



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00517-CV

———————————

PRSI Trading Company LP, Appellant

V.

Astra
Oil Trading NV and Astra Oil Company LLC, Appellees



 



 

On Appeal from the 270th
District Court

Harris County, Texas



Trial
Court Case No. 2009-25450

 



 

 

MEMORANDUM
OPINION ON REHEARING

 

          Appellant PRSI Trading Company LP has
filed a motion for rehearing of our opinion issued on May 19,
2011.  Appellees Astra Oil Trading NV and Astra Oil Company LLC have filed a response. 
We overrule the motion for rehearing,
withdraw our opinion and judgment of May 19, 2011, and issue
this opinion and judgment in their place.

          In
this interlocutory appeal, PRSI Trading
Company LP appeals the trial court’s order denying its motion to compel
arbitration and stay litigation pending arbitration.  In two issues, PRSI Trading contends that the
trial court erred by denying its motion to compel and to stay because the
claims at issue were subject to arbitration agreements and because PRSI Trading
did not waive its right to compel arbitration. 
We conclude that the trial court did not err by determining that

PRSI Trading waived its right to compel arbitration.  We affirm.

I.       Background

 

          Astra Oil
Trading NV and Astra Oil Company LLC (collectively “Astra”) acquired Pasadena
Refinery Systems, Inc., which owned a refinery in Pasadena, Texas.  In 2006, Astra Oil Trading sold 50% of
Pasadena Refinery Systems, Inc. to Petrobras America Inc.  A few months later, two Astra affiliates (the
“Astra partners”) and two Petrobras America affiliates (the “Petrobras
partners”) executed a limited partnership agreement creating PRSI Trading
Company LP.  PRSI Trading was formed to
supply the refinery with crude oil and materials for its operation.  The Partnership Agreement contained a clause
requiring disputes arising out of the Partnership Agreement to be resolved in an
arbitration to be completed within 60 days of the initial demand.  The Partnership Agreement also provided that
partners or their affiliates could loan money to PRSI Trading and that, if made
with the approval of PRSI Trading, the loans would be repaid and would not be
treated as capital contributions.

          In 2008,
Petrobras America and the Petrobras partners initiated arbitration against
Astra Oil Trading and the Astra partners. 
In April 2009, the arbitrators issued an award.  In compliance with the award, the Astra partners
transferred their interests in PRSI Trading to the Petrobras partners. 

          Also in April
2009, just a few days after the arbitration award was entered, Astra filed this
suit against PRSI Trading asserting various causes of action.  The two claims at issue in this appeal relate
to two alleged loans, one for $10 million in 2007 and another for $15.5 million
in 2008.  PRSI Trading answered and
asserted its own claims against Astra and its affiliates.  PRSI Trading also asserted as an affirmative
defense that the controversy over the two loans had been raised in and decided
by the prior arbitration.

          In September
2009, PRSI Trading served its first requests for production on Astra.  The next month, Astra moved for partial
summary judgment.  Included in its
summary judgment evidence was an unsigned copy of a November 2007
$10 million loan agreement that contained an arbitration clause.  PRSI Trading moved for a continuance of the
summary judgment hearing and intensified its discovery efforts over the next
several months, including noticing two depositions of Astra corporate
representatives, serving a letter rogatory for the oral deposition of a third
party, serving requests for production on a third party, filing two motions to
compel production, agreeing to the appointment of a special master to hear
discovery disputes, and serving additional requests for production.  In January 2010, PRSI Trading filed its own
motion for summary judgment asserting its affirmative defenses based on the
prior arbitration.

In March 2010, PRSI Trading filed a
motion seeking to compel arbitration of the dispute and to stay court proceedings
pending arbitration.  PRSI Trading made
this motion conditional, informing the trial court it need not rule on the
motion unless it denied PRSI Trading’s motion for summary judgment.  The trial court denied PRSI Trading’s motion
for summary judgment and then denied the motion to compel arbitration and to
stay proceedings.

II.      Waiver of arbitration

PRSI Trading asserts that the trial
court erred by denying its motion to compel arbitration of the $10 million loan
claim because it was subject to a valid arbitration agreement.  Specifically, PRSI Trading contends that the
$10 million loan claim is subject to the arbitration clause in the unsigned
November 2007 loan agreement and that it did not waive its right to arbitrate.  We do not address whether the $10 million
loan claim is subject to an agreement to arbitrate because we conclude that
PRSI Trading waived its right, if any, to arbitrate that claim.

A party may waive its right to
compel arbitration by substantially invoking the litigation process to its
opponent’s detriment.  In re Bank One, N.A.,
216 S.W.3d 825, 827 (Tex. 2007) (orig. proceeding).  There is a strong presumption against finding
that a party has waived its right to arbitration; the burden to prove waiver is
thus a heavy one.  Id.;
In re D. Wilson Constr. Co.,
196 S.W.3d 774, 783 (Tex. 2006). 
Any doubts regarding waiver are resolved in favor of arbitration.  In re Bruce Terminix Co., 988 S.W.2d
702, 705 (Tex. 1998).

Waiver may be express or implied,
but it must be intentional.  EZ Pawn Corp. v. Mancias,
934 S.W.2d 87, 89 (Tex. 1996).  Waiver is a question of law based on the
totality of the circumstances.  The test
for waiver is whether the party moving for arbitration “has substantially
invoked the judicial process to an opponent’s detriment, the latter term
meaning inherent unfairness caused by ‘a party’s attempt to have it both ways
by switching between litigation and arbitration to its own advantage.’”  In re Citigroup Global Mkts., Inc.,
258 S.W.3d 623, 625 (Tex. 2008) (orig. proceeding) (quoting Perry Homes v. Cull,
258 S.W.3d 580, 597 (Tex. 2008), cert. denied, 129
S. Ct. 952 (2009)).  

Review of a denial of a motion to
compel arbitration is conducted under the abuse of discretion standard.  Okorafor v. Uncle Sam & Assocs., Inc., 295 S.W.3d 27, 38
(Tex. App.—Houston [1st Dist.] 2009, pet. denied).  The trial court’s ultimate conclusion
concerning waiver is a legal question that we review de novo.  Id.  However,
when the trial court must first resolve underlying facts, we defer to the trial
court’s factual resolutions and any credibility determinations that may have
affected those resolutions, and we may not substitute our judgment on these
matters.  Id.

a.                
Substantial invocation of
litigation process

In determining
whether a party waived the right to arbitrate, courts may consider, among other
factors: (1) whether the movant for arbitration was the plaintiff (who
chose to file in court) or the defendant (who merely responded), (2) when
the movant learned of the arbitration clause and how long the movant delayed
before seeking arbitration, (3) the amount of pretrial activity related to
the merits rather than arbitrability or jurisdiction, (4) the amount of
discovery conducted and by whom, (5) whether the discovery went to the
merits rather than arbitrability or jurisdiction, (6) whether the movant
sought judgment on the merits,  and (7) what
discovery is available in arbitration.  See Perry Homes,
258 S.W.3d at 590–92; In re Hawthorne Townhomes, L.P.,
282 S.W.3d
131, 141 (Tex. App.—Dallas 2009, no pet.).

In this case, PRSI Trading was the defendant and,
thus, did not choose to file this litigation in the trial court.  Therefore, this factor weighs against a
finding of waiver.  However, Astra’s
original petition filed in April 2009 alleged that Astra and PRSI entered into
a loan agreement for the $10 million loan. 
PRSI Trading did not file its motion to compel arbitration until March
2010, eleven months after the petition was filed.  Further, in its second amended answer filed
in July 2009, PRSI Trading asserted the affirmative defenses of arbitration and
award, res judicata, and collateral estoppel, indicating that it was aware of
facts that might support an argument that the $10 million loan claim was
subject to arbitration.  Although delay
alone is not enough to find waiver, these facts support a conclusion that PRSI
Trading knew early in this litigation that an arbitration clause arguably covered
the dispute.  

Nevertheless, PRSI Trading conducted discovery
relating to the merits of the $10 million loan claim, taking advantage of the
broad discovery available under the rules of civil procedure.  PRSI Trading served requests for disclosure,
requests for production, and deposition notices.  PRSI Trading also served a letter rogatory,
requiring a third party’s corporate representative to travel from overseas to
be deposed.  The letter rogatory issued
in January 2010, after PRSI knew of the arbitration clause it now relies upon.  As a result of this discovery activity, PRSI
Trading obtained over 17,000 pages of documents and deposed Astra Oil Trading’s
most senior financial officer and Astra Oil’s chief financial officer.  

PRSI Trading also agreed to the appointment of a
special discovery master to hear discovery disputes between the parties.  It also filed motions to compel discovery,
including motions to compel filed months before it moved to compel arbitration,
and contested Astra’s assertions of the attorney-client communications
privilege in response to the requests for production.  The special discovery master held hearings on
the motion to compel related to Astra’s asserted privilege, with the result
that PRSI Trading was partially successful and obtained production of
additional documents.  PRSI Trading
served subpoenas and obtained production of documents from third parties.  PRSI Trading also moved for summary judgment
on its affirmative defenses relating to the $10 million loan claim, even though
it now contends these defenses could have been submitted to the
arbitrators.  

Only after pursuing all of the above actions did PRSI
Trading file a motion to compel arbitration, expressly conditioned on the
possibility of an unfavorable decision on its motion for summary judgment in
the pending litigation.  All of these
factors relating to PRSI Trading’s litigation conduct weigh strongly in favor
of the trial court’s waiver finding.

PRSI Trading attempts to distinguish a number of these
factors.  First, with respect to the
length of time that elapsed before it moved to compel arbitration, PRSI Trading
asserts that it did not learn of the arbitration clause relating to the $10
million loan until Astra filed its motion for summary judgment in
October 2009, because that is the first time Astra identified a written
loan agreement containing an arbitration clause.  However, as noted above, Astra mentioned the
loan agreement in its original petition in April 2009, and PRSI Trading
asserted affirmative defenses based on the prior arbitration in July 2009,
indicating that it was aware that the $10 million loan claim was at least arguably
subject to arbitration.  More
importantly, the loan agreement in question was produced by PRSI Trading’s
owner, Petrobras America Inc., during the prior arbitration.  Based on this evidence, we defer to the trial
court’s implied finding that PRSI Trading was aware of the factual basis for
legal arguments in favor of arbitration since at least April 2009, if not
before.  See Okorafor,
295 S.W.3d at 38 (appellate court must defer to trial court’s
resolution of factual issues).  This factor weighs in
favor of the trial court’s waiver finding.

PRSI Trading also asserts that it did not waive
arbitration by moving for summary judgment because that motion was based on
procedural affirmative defenses and not on the substantive basis of Astra’s $10
million loan claim.  PRSI Trading relies
upon a number of cases that it asserts are analogous situations, in which a
party sought relief from the trial court without thereby waiving arbitration.  These cases are all distinguishable.  They involve a party seeking to have a case
dismissed either for want of jurisdiction, see In re Vesta Group, Inc., 192 S.W.3d 759, 764 (Tex.
2006) (orig. proceeding) (standing), In re Hawthorne Townhomes, L.P., 282 S.W.3d at 142 (failure
to exhaust administrative remedies), or because it was brought in the wrong
forum, see In re Frost Nat’l Bank,
No.
13-07-00748-CV, 2008 WL 4889836, at *3 (Tex. App.—Corpus Christi Nov. 7, 2008,
orig. proceeding) (forum-selection clause),
In re Cingular Wireless, L.L.C., No. 09-03-00090-CV, 2003 WL
1884184, at *1 (Tex. App.—Beaumont Apr. 14, 2003, orig. proceeding) (removal to
federal court to determine whether federal law preempted plaintiff’s state law
claims).  Thus, by asserting the case could
not go forward at all or was in an improper forum, the prior litigation conduct
of the parties in these cases sought “to avoid litigation activity rather
than duplicate it.”  In re
Citigroup Global Mkts., 258
S.W.3d at 626 (emphasis in original).

PRSI Trading contends that In re Bison Building
Materials, Ltd., No.
01-07- 00003-CV, 2008 WL 2548568 (Tex. App.—Houston [1st Dist.] June 26, 2008,
orig. proceeding), is “strikingly similar” to the issues presented by this
appeal.  In Bison Building Materials,
the defendant moved for summary judgment on the basis that the injured employee
plaintiff had signed a post-injury waiver of litigation.  2008 WL 2548568, at *15.  Thus, like the cases cited above, the
defendant sought to avoid litigation by asserting that the plaintiff had no
right to bring the litigation.  Here,
PRSI Trading sought summary judgment on its substantive affirmative defenses to
the $10 million loan claim.  PRSI
acknowledges in its briefing to this Court that the defenses in its motion for
summary judgment could properly be raised in the arbitration, which it
contended was the proper venue for the dispute. 
Nevertheless, PRSI chose to raise them in the trial court.  Having received an adverse ruling on that
motion which, if granted, would have been dispositive of the substantive merits
of the adverse claim, PRSI Trading now desires to change venue and submit the
dispute to arbitration.  

Rather than seeking to avoid litigation, PRSI Trading
chose to litigate the merits of its defenses to the $10 million loan claim in
the trial court.  This type of litigation
behavior—unsuccessfully attempting to obtain a favorable result in court before
requesting a referral to arbitration—is yet another factor supporting the trial
court’s waiver finding.  See Nw.
Constr. Co. v. Oak Partners, L.P.,
248 S.W.3d 837, 848 (Tex. App.—Fort Worth 2008, pet. denied); Williams
Indus., Inc. v. Earth Dev. Sys. Corp.,
110 S.W.3d 131, 135 (Tex. App.—Houston [1st Dist.] 2003, no pet.); see
also Haddock v. Quinn, 287
S.W.3d 158, 180 (Tex. App.—Fort Worth 2009, pet. denied) (stating that failure
to seek arbitration until after proceeding to adverse result in litigation “is
the clearest form of inconsistent litigation conduct and is inevitably found to
constitute substantial invocation of the litigation process resulting in
waiver”).

b.               
Prejudice to nonmovant

Finally, PRSI Trading contends that Astra failed to
show prejudice from a substantial invocation of the judicial process.  On this subject, the Texas Supreme Court has
quoted the Fifth Circuit court of appeals with approval, noting that:

While the mere failure to assert the right to demand
arbitration does not alone translate into a waiver of that right, such failure
does bear on the question of prejudice, and may, along with other
considerations, require a court to conclude that waiver has occurred.  The failure to demand arbitration affects the
burden placed upon the party opposing waiver. 
When a timely demand for arbitration was made, the burden of proving
waiver falls even more heavily on the shoulders of the party seeking to prove
waiver.  A demand for arbitration puts a
party on notice that arbitration may be forthcoming, and therefore, affords
that party the opportunity to avoid compromising its position with respect to
arbitrable and nonarbitrable claims.  In
contrast, where a party fails to demand arbitration . . . and in the meantime
engages in pretrial activity inconsistent with an intent to arbitrate, the
party later opposing a motion to compel arbitration may more easily show that
its position has been compromised,
i.e., prejudiced.

 

Perry
Homes, 258 S.W.3d at 600 (quoting Republic Ins. Co. v. PAICO Receivables, LLC, 383 F.3d 341, 346–47 (5th
Cir. 2004)).  One “particularly relevant”
factor for determining prejudice is the amount of discovery
and pretrial activity relating to all claims, including the arbitrable
claims.  Republic Ins. Co., 383 F.3d at 346 (citing Price
v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1161–62 (5th Cir. 1986)).  Another factor is the time and expense of
defending against a motion for summary judgment.  See id.  A party’s failure to
timely assert its right to arbitration can also be relevant to evaluating
whether the nonmovant has been prejudiced. 
See id.

Amount
of discovery and other pretrial activity. 
With respect to the first of these
factors, it is undisputed that PRSI Trading sought discovery relating to all of
Astra’s claims, including the $10 million loan claim it now seeks to
arbitrate.  This factor supports the
trial court’s implied finding of prejudice. 
See id.  Additionally, PRSI Trading sought
discovery that would not be available under the parties’ agreed arbitration
rules.  See Tenneco Resins, Inc. v. Davy Int’l, AG, 770 F.2d 416, 421 (5th Cir.
1985) (noting that taking unfair advantage of discovery proceedings not
available in arbitration may constitute sufficient prejudice to infer
waiver).  Under the rules of the
Netherlands Arbitration Institute, the arbitral tribunal specified in the loan
agreement, the parties exchange documents that they “will rely upon” during the
arbitration.  In addition, the tribunal
may order the production of additional specific documents “it deems relevant to
the dispute.”  The NAI rules do not
contain a procedure for obtaining third-party discovery, but PRSI Trading took
advantage of the opportunity for third-party discovery under the auspices of
the Texas state court proceeding.  The
NAI rules provide for examination of witnesses by the tribunal, but not for
depositions as allowed under the Texas Rules of Civil Procedure.  PRSI Trading asserts that the NAI rules do
not preclude depositions and, thus, a deposition may be possible, but
“[p]resuming . . . that broad discovery is generally available in
arbitration simply ignores one of its most distinctive features.”  Perry Homes, 258 S.W.3d at 599. 

Additionally,
PRSI Trading argues that Astra failed to prove that the amount and extent of
discovery PRSI Trading engaged in reached the level required to find a waiver
of arbitration.  Specifically, PRSI
Trading contends that Astra did not “specify what was requested [in discovery]
or how much of the request was related to the arbitrable claims.”  However it is undisputed that the discovery
related at least in part to the merits of the $10 million loan claim and not
just questions of arbitrability.  The
Texas Supreme Court has stated that it is the “fact of prejudice” rather than
its extent that matters.  Id. 
“[T]he Defendants had to show substantial invocation that prejudiced
them, not precisely how much it all was.” 
Id.  Because the trial court was presented
with evidence that PRSI Trading engaged in discovery relating to the arbitrable
claim, this factor weighs in favor of the trial court’s implied finding that
Astra was prejudiced.

Time
and expense of defending against a motion for summary judgment.  Concerning the second factor, PRSI Trading
sought summary judgment.  After
conducting discovery and filing its motion, PRSI Trading filed a “conditional”
motion to compel arbitration, expressly asking for the trial court to rule on
the merits of its affirmative defenses before considering the motion to compel
arbitration.  The conditional nature of
the motion to compel arbitration vividly illustrates PRSI Trading’s strategy of
using the litigation process as long as it was favorable and then attempting to
switch to arbitration when that seemed more advantageous.  See id. at 597 (defining prejudice in
waiver of arbitration context as “a party’s attempt to have it both ways by
switching between litigation and arbitration to its own advantage”).

Untimeliness.  Finally,
concerning the third factor, although its owner Petrobras produced the loan
agreement during the prior arbitration, PRSI Trading waited eleven months from
the filing of this suit to seek arbitration. 
Even crediting the contention that it was unaware of the arbitration
clause in October 2009, PRSI Trading still sought discovery relating to the
merits of $10 million loan claim and its affirmative defenses, filed motions to
compel discovery responses, asked for a continuance of the summary judgment
hearing, and filed its own motion for summary judgment before asking for arbitration. 
We conclude this is sufficient evidence of prejudice.  See Price, 791 F.2d at 1158–60 (finding prejudice when party seeking to
compel arbitration “initiated extensive discovery,” filed a motion for summary
judgment, and waited sixteen months from filing of suit before seeking to
compel arbitration); see also Perry Homes, 258 S.W.3d at 600 (citing Republic Ins. Co., 383 F.3d at 346).

We conclude
that the record supports a conclusion that PRSI Trading waived its right, if
any, to seek arbitration of the $10 million loan claim.  Accordingly we overrule PRSI Trading’s second
issue.

Motion
to Stay Litigation of the $15.5 Million Loan Claim

As part of its
first issue, PRSI Trading also asserts that it is entitled to a stay of the
litigation concerning both the $10 million and the $15.5 million loan claims
under section 3 of the Federal Arbitration Act. 
Specifically, PRSI Trading contends that these loan claims are subject
to arbitration between the Petrobras partners and Astra partners pursuant to
the Partnership Agreement. 

Section 3 of
the Federal Arbitration Act provides,

If any suit or proceeding be brought in any of the courts
of the United States upon any issue referable to arbitration under an agreement
in writing for such arbitration, the court in which such suit is pending, upon
being satisfied that the issue involved in such suit or proceeding is referable
to arbitration under such an agreement, shall on application of one of the
parties stay the trial of the action until such arbitration has been had in
accordance with the terms of the agreement, providing the applicant for the
stay is not in default in proceeding with such arbitration.

 

9 U.S.C. § 3 (2008). 
PRSI Trading asserts that the claims are “referable to arbitration”
based on the Partnership Agreement. 
However, PRSI Trading is not a party to the Partnership Agreement.  The United States Supreme Court has held that
section 3 may be invoked by non-parties to an agreement if “the relevant state
contract law allows [the non-parties] to enforce the agreement.”  Arthur Andersen LLP v. Carlisle, 129
S. Ct. 1896, 1903 (2009).  In this
appeal, PRSI Trading does not assert any grounds under state contract law to
show that it is entitled to enforce the Partnership Agreement.  PRSI Trading did not raise any such grounds
before the trial court either. 
Therefore, we cannot conclude that the trial court erred in denying the
motion to stay.

    
     We overrule that portion of
PRSI Trading’s first issue concerning the motion to stay.




 

Conclusion

We affirm the trial court’s order denying PRSI
Trading’s motion to compel arbitration and to stay litigation pending
arbitration.

 

 

                                                                   Michael
Massengale

                                                                   Justice

 

Panel consists of Chief
Justice Radack and Justices Massengale and Matthews.*

 











*           The Honorable Sylvia Matthews, Judge of
the 281st District Court of Harris County, participating by assignment.