United States Court of Appeals
Fifth Circuit

**F I L E D**

September 13, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 03-11156

————————

REPUBLIC INSURANCE COMPANY,

Plaintiff - Counter Defendant - Appellant,

versus

PAICO RECEIVABLES LLC,

Defendant - Counter Claimant - Appellee.

Appeal from the United States District Court
For the Northern District of Texas

Before DAVIS, EMILIO M. GARZA, and PRADO, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Republic Insurance Company ("Republic") appeals the district court's denial of its motion to compel arbitration of its contract dispute with PAICO Receivables, LLC ("PRLLC"). Republic claims that the district court incorrectly ruled that it waived its right to arbitrate its dispute with PRLLC. We find that Republic substantially invoked the judicial process to the prejudice of PRLLC, and the district court properly found that Republic had waived its right to arbitrate.

I

Republic was party to a reinsurance agreement between a group of insurance companies. This group included the United Kingdom insurer Pan Atlantic Insurance Company ("Pan Atlantic"). Arbitration of a dispute between the members of that group resulted in a Settlement Agreement. The Settlement Agreement defines the rights and obligations of the group members with respect to various reinsurance agreements. This Settlement Agreement contains an arbitration clause compelling arbitration of any disputes between the parties to that agreement. Pan Atlantic subsequently encountered financial difficulty and entered into provisional liquidation pursuant to United Kingdom law. As part of this provisional liquidation, Pan Atlantic assigned its rights to recover under certain reinsurance contracts to PRLLC. This assignment includes Pan Atlantic's reinsurance agreements "in the possession or control" of Republic.[1] The assignment agreement expressly states that Pan Atlantic was not transferring any of its obligations to PRLLC. After this assignment, PRLLC unsuccessfully sought to enforce Pan Atlantic's rights under the Settlement Agreement against Republic.

Republic subsequently filed suit in federal district court seeking a declaration that the assignment of Pan Atlantic's rights under the Settlement Agreement to PRLLC was invalid because Pan Atlantic did not obtain Republic's written consent to the assignment. In the alternative, Republic sought a declaration that the assignment also transferred Pan Atlantic's obligations under the Settlement Agreement to PRLLC. Republic did not include an alternative pleading asserting its

_____

[1] Pan Atlantic and PRLLC used the term "possession and control" in the assignment agreement, and we use that term here for convenience. In the assignment agreement, Pan Atlantic assigned to PRLLC all right, title and interest that it had to recover under certain reinsurance agreements that were either in its "possession or control" or in the "possession or control" of most third parties. This assignment specifically includes all of Pan Atlantic's reinsurance contracts that were in the possession or control of Republic.

arbitration rights under the Settlement Agreement. PRLLC's answer included counterclaims alleging that Republic had breached the Settlement Agreement and also that Republic had breached the fiduciary duties it allegedly owed to PRLLC under that agreement. Republic asserted nine affirmative defenses in response to PRLLC's counterclaims, but it still did not assert its right to arbitrate PRLLC's counterclaims.

The parties then conducted full-fledged discovery, and Republic actively participated in this process. The discovery encompassed all of the claims and counterclaims in the case and was not limited to the issue of whether Pan Atlantic's assignment to PRLLC was valid. Republic filed two separate motions to compel discovery from PRLLC seeking, at least in part, information that was only relevant to PRLLC's counterclaims. In response to Republic's first motion to compel discovery PRLLC filed a motion for a protective order. This motion asked the district court to limit the parties' initial discovery to the issue of whether PRLLC's assignment from Pan Atlantic was valid. Republic opposed this motion, arguing that all of the issues, including PRLLC's counterclaims, were before the district court and properly the subject of discovery. The district court granted the majority of Republic's first motion to compel discovery and denied PRLLC's motion for a protective order. The parties also conducted four depositions as part of the discovery process.

Republic then filed an amended complaint, which included another alternative pleading asking the district court to declare that an event of default had occurred under the Settlement Agreement and to appoint Republic as PRLLC's attorney-in-fact. The parties filed cross-motions for summary judgment on all three of the issues contained in Republic's first amended complaint. The district court ruled that Pan Atlantic had validly assigned its rights under the Settlement Agreement to PRLLC; that PRLLC had also assumed Pan Atlantic's obligations under the Settlement Agreement;

and that Republic was not entitled to be appointed as PRLLC's attorney-in-fact. The district court's order indicates that the only issues remaining in the case were PRLLC's counterclaims. After the district court ruled on the summary judgment motions, the parties completed discovery and filed their required pretrial materials. Republic objected to portions of the depositions that PRLLC designated in its pretrial materials. Republic also filed an extensive motion in limine in an attempt to limit the evidence that PRLLC could present during the trial on the merits of its counterclaims. Republic still did not indicate that it wished to arbitrate PRLLC's counterclaims.

Days before the trial was originally scheduled to begin, Republic, for the first time, asserted its right to arbitrate under the Settlement Agreement by filing its motion to stay the proceedings and compel arbitration of PRLLC's counterclaims. The district court denied this motion, ruling that Republic had waived its right to arbitrate. The district court found that PRLLC would be "sorely prejudiced" if it compelled arbitration at this late date because "[i]n addition to incurring very significant legal fees, PRLLC has participated in full-fledged discovery, expert preparation, and trial preparation." The district court denied Republic's motion to reconsider, and this appeal followed.

II

We have jurisdiction over this interlocutory appeal because Republic seeks review of a district court order refusing to stay the proceedings and compel arbitration when there is a written agreement to arbitrate. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000); 9 U.S.C. § 16 (a)(1)(A), (B). We review whether a party's conduct amounts to a waiver of arbitration *de novo*, but we review any factual findings underlying the district court's waiver determination for clear error. *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999).

"Waiver will be found when the party seeking arbitration substantially invokes the judicial

-4-

process to the detriment or prejudice of the other party." *Subway*, 169 F.3d at 326 (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986)). There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden. *Subway*, 169 F.3d at 326.

A

To invoke the judicial process "[t]he party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Subway*, 169 F.3d at 329. Further, "a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." *Id*. at 328. The district court found that Republic invoked the judicial process by waiting to file its motion to compel arbitration until days before the trial was originally scheduled to begin.

Republic undertook extensive litigation activities before asserting its right to arbitrate under the Settlement Agreement. It answered PRLLC's counterclaims; conducted full-fledged discovery, including four depositions; amended its complaint; and filed the required pretrial materials with the district court. In addition, before Republic filed its motion to compel arbitration, it filed numerous other motions, including: two motions to compel discovery, a motion for summary judgment, and a motion in limine attempting to limit the evidence that PRLLC could produce at trial. Republic thus demonstrated "a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Id*. at 329; *cf*. *Price v. Drexel Burnham Lambert, Inc*., 791 F.2d 1156, 1159, 1162 (5th Cir. 1986) (holding that the party moving for arbitration had waived that right because it had "initiated extensive discovery, answered twice, filed motions to dismiss and for summary judgment, filed and obtained two extensions of pre-trial deadlines, all without demanding arbitration").

Republic, however, argues that it did not waive its right to arbitrate because its conduct was reasonable for a plaintiff seeking a judgment declaring that PRLLC, as Pan Atlantic's assignee, was not a party to the Settlement Agreement, which contained the arbitration agreement. Republic claims that, because of the terms of PRLLC's agreement with Pan Atlantic, Republic was unable to assert its arbitration rights under the Settlement Agreement until after the district court determined that PRLLC was bound by the obligations of that agreement. "The propriety and desirability of having an initial judicial determination of whether an arbitration contract exists is well recognized." *Gen. Guar. Ins. Co. v. New Orleans Gen. Agency*, *Inc.*, 427 F.2d 924, 928 (5th Cir. 1970). PRLLC concedes that Republic did not waive its arbitration rights by asking the district court to determine whether Pan Atlantic validly assigned its rights to PRLLC. Instead PRLLC argues that waiver occurred because Republic invoked the judicial process for all of the issues in this case, including those subject to arbitration, rather than limiting its pretrial activity to the threshold question of whether there was a valid agreement to arbitrate. "A defendant can waive arbitration by actions which it takes during determination in the legal forum of the threshold issue of existence of an arbitration contract, if those actions are sufficiently inconsistent with the right to arbitrate." *Id*. at 929. However, "it loses sight of the purposes and effects of arbitration, and of the desirability of the initial judicial determination, to treat the court proceedings as a sort of judicial tightrope which the party seeking arbitration walks at his peril." *Id*. *General Guaranty* turned on the fact that the defendant included an alternative pleading asserting its right to arbitrate under the disputed contract in its initial response to the lawsuit. *Id*. at 926. The defendant's timely assertion of its arbitration rights allowed the district court to dispose of the matters before it in an orderly fashion, preserving the time and effort of the court and the parties. *Id*. at 929.

In contrast, Republic did not assert its right to arbitrate in a timely fashion, which prevented the district court from limiting the judicial proceedings to the threshold question of whether a valid agreement to arbitrate exists. Further, Republic chose to oppose actively PRLLC's motion for a protective order. In that motion PRLLC asked the district court to determine the narrow issue of whether PRLLC's assignment from Pan Atlantic was valid before full-fledged discovery regarding the other issues in the case was conducted. Republic argued that a protective order was unnecessary because all of the issues, including PRLLC's counterclaims, were properly before the district court. Republic thus chose to invoke the judicial process with respect to all of the issues in this case, including the issues which it now seeks to arbitrate. Accordingly, the district court finding that Republic invoked the judicial process by waiting until days before the trial on PRLLC's counterclaims was scheduled to begin is not clearly erroneous.[2]

B

In addition to the invocation of the judicial process, there must be prejudice to the party opposing arbitration before we will find that the right to arbitrate has been waived. "[F]or purposes of a waiver of an arbitration agreement: 'prejudice . . . refers to the inherent unfairness)) in terms of delay, expense, or damage to a party's legal position)) that occurs when the party's opponent forces

---

[2] PRLLC argues that Republic waived its right to arbitrate by invoking the judicial process with regard to the two alternative pleadings included in Republic's amended complaint because the issues addressed in those alternative pleadings were properly the subject of arbitration. Republic argues that it did not waive its right to arbitrate by including these alternative pleadings because it believed that it could not assert that right without a judicial ruling that Pan Atlantic also assigned its obligations under the Settlement Agreement, including the obligation to arbitrate disputes, to PRLLC. Republic also claims that it did not waive its right to arbitrate by asking the district court to declare that an event of default under the Settlement Agreement had occurred and to appoint Republic as PRLLC's attorney-in-fact because that action was permitted by the terms of the Settlement Agreement. We need not address these issues in light of our conclusion that Republic invoked the judicial process with regard to PRLLC's counterclaims, the very issues it now seeks to arbitrate.

it to litigate an issue and later seeks to arbitrate that same issue.'" *Subway*, 169 F.3d at 327 (quoting *Doctor's Assocs. v. Distajo*, 107 F.3d 126, 134 (2d Cir. 1997)) (omission in original). Ultimately, however, "[t]he question of what constitutes a waiver of the right of arbitration depends on the facts of each case." *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 420 (5th Cir. 1985).

Three factors are particularly relevant when making a prejudice determination. *See Price*, 791 F.2d at 1159, 1162 (affirming the district court's finding that the "'mounting attorney's fees,' 'seventeen month delay' [before asserting the right to arbitrate], and 'disclosure which has resulted from the numerous depositions and production of documents' constituted prejudice sufficient" to support the waiver of arbitration). First, while discovery relating to non-arbitrable claims is not prejudicial, where the pretrial activity was related to all of the parties' claims, including those that were conceded to be arbitrable, arbitration would result in prejudice. *Id*. at 1159. Second, the time and expense incurred in defending against a motion for summary judgment could prejudice the party opposing arbitration. *Id*. at 1162. Third, a party's failure to timely assert its right to arbitrate a dispute is also relevant to the prejudice determination. *Id*. at 1161.

"While the mere failure to assert the right to demand arbitration does not alone translate into a waiver of that right, such failure does bear on the question of prejudice, and may, along with other considerations, require a court to conclude that waiver has occurred." *Id*. (internal citations omitted). The failure to demand arbitration affects the burden placed upon the party opposing waiver. When a timely demand for arbitration was made, "the burden of proving waiver falls even more heavily on the shoulders of the party seeking to prove waiver." *Tenneco Resins,* 770 F.2d at 420 (internal quotations omitted). "A demand for arbitration puts a party on notice that arbitration may be forthcoming, and therefore, affords that party the opportunity to avoid compromising its position with

-8-

respect to arbitrable and nonarbitrable claims." *Price*, 791 F.2d at 1161. In contrast, "where a party fails to demand arbitration . . ., and, in the meantime engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised, i.e., prejudiced." *Id*.

The district court found that PRLLC would be "sorely prejudiced" if arbitration was compelled because it had incurred "very significant legal fees" and had also "participated in full-fledged discovery, expert preparation, and trial preparation." The discovery in this case was not limited solely to the nonarbitrable claims. The parties also conducted discovery relating to the issues that Republic now seeks to arbitrate, including PRLLC's counterclaims. *See Price*, 791 F.2d at 1159-60 (finding prejudice resulting from the discovery relating to arbitrable issues). Republic's delay also forced PRLLC to incur all of the costs associated with litigating its defenses and counterclaims with the exception of the trial itself. PRLLC thus bore more costs than was sufficient to cause prejudice in *Price*. *See Price*, 791 F.2d at 1162 (finding that the time and expense associated with merely defending against a summary judgment motion was sufficiently prejudicial to waive arbitration).

Republic cites a number of cases where the party seeking arbitration participated in litigation before seeking arbitration without waiving its arbitration rights. In each of these cases the party asserted its right to arbitrate in a timely fashion, and only a minimal amount of discovery regarding the arbitrable issues occurred before the right to arbitrate was asserted. *See*, *e.g.*, *Tenneco Resins*, 770 F.2d at 420-21 (holding that arbitration was not waived where the right to arbitrate was asserted in the original answer to the case and only a minimal amount of discovery actually occurred before the motion to compel was filed); *Texaco Exploration*, 243 F.3d at 912 (holding that arbitration was not waived by requesting a stay of arbitration pending the litigation of other issues, even when this

delayed and narrowed the scope of the arbitration, where the party seeking arbitration did not indicate any desire to litigate the issues that were subject to the arbitration); *Cargill Ferrous Int'l v. Sea Phoenix MV*, 325 F.3d 695, 700-01 (5th Cir. 2003) (holding that arbitration was not waived even though the parties had conducted full discovery and had a bench trial on the merits after the district court refused to compel arbitration, when the party seeking arbitration asserted that right in its initial answer and filed a motion to compel arbitration six months later when only a minimal amount of discovery had occurred). All of these cases are distinguishable because Republic did not assert its right to arbitrate in a timely manner.

The prejudice that PRLLC would suffer if arbitration was compelled is similar to the level of prejudice present in previous cases where this Court has found that arbitration was waived. *See*, *e.g.*, *Price*, 791 F.2d at 1159. Further, the facts of this case are easily distinguished from those cases where arbitration was not waived. *See*, *e.g.*, *Cargill Ferrous*, 325 F.3d at 700-01. Consequently, the district court's finding that PRLLC would suffer prejudice if arbitration was compelled is not clearly erroneous.

III

Republic also claims that the district court's waiver ruling is erroneous because it is inconsistent with the terms of the Settlement Agreement. The Settlement Agreement includes a "no waiver" provision that states: "The institution and maintenance of an action for judicial relief, the pursuit of provisional or ancillary remedies or other remedies provided for in this Agreement or the Related Settlement Documents shall not be deemed a waiver of a party's right to demand arbitration or to continue arbitration." Republic argues that the terms of this provision permit it to seek provisional relief and self help remedies without waiving its arbitration rights, that its actions in this

case were consistent with that provision, and therefore, that its actions do not support the district court's waiver ruling. We have not previously determined whether a contractual "no waiver" provision prevents a district court from ruling that a party has waived its arbitration right.

The Second Circuit has considered whether a similar "no waiver" provision prevents district court's from finding that a party waived its right to arbitrate. *See Company of Kingston v. Latona Trucking Inc*, 159 F.3d 80, 85 (2d Cir. 1998). The arbitration clause in *Latona Trucking* incorporated a "no waiver" provision that stated: "No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate." *Id*. This clause was understood to "permit parties to seek provisional remedies or other judicial proceedings that would not function to displace arbitration on the underlying dispute." *Id*. (collecting cases with similar interpretations). *Latona Trucking* held that "the fact that an arbitration agreement incorporates such a provision would not prevent a court from finding that a party has waived arbitration by actively participating in protracted litigation of an arbitrable dispute." *Id*. The Second Circuit concluded that allowing a contractual clause to preclude a finding of waiver would:

> permit parties to waste scarce judicial time and effort and hamper judges' authority to control the course of proceedings before them and to correct any abuse of those proceedings and then demand arbitration. Further, delay in demanding arbitration until after judicial proceedings are almost complete permits the losing party to test [ ] the water before taking the swim.

*Id*. at 86 (quotation omitted, omission in original). The court held "that the presence of [a] 'no waiver' clause does not alter the ordinary analysis undertaken to determine if a party waived its right to arbitration." *Id*.

While we have not previously addressed the impact of a "no waiver" provision in

arbitration, the district court's inherent power to control its docket is well settled. *See, e.g.*

*Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998). Republic's actions

in this case present the quintessential example of the potential abuses of contractual "no waiver"

clauses described by the Second Circuit. Republic forced PRLLC to litigate the issues presented

in its counterclaims, and then moved to compel arbitration of those issues on the eve of trial.

Republic's delay forced the district court and PRLLC to expend significant resources preparing

this case for trial. The inclusion of a "no waiver" clause in a contract does not eliminate the

district court's inherent power to control its docket. In this case the Settlement Agreement's "no

waiver" clause is not sufficient to overcome the district court's exercise of its inherent authority in

light of Republic's extensive use of the judicial process.

IV

The facts support the district court's finding that Republic invoked the judicial process to

the prejudice of PRLLC. The district court's ruling that Republic waived its right to arbitrate

under the Settlement Agreement is AFFIRMED.