344 F.Supp.2d 966 (2004)
AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, American Bankers Insurance Company of Florida and American Reliable Insurance Company Plaintiffs
v.
Cleotis MISTER and Dorothy Stanford Defendants
No. 2:04CV172.
United States District Court, N.D. Mississippi, Delta Division.
November 5, 2004.
*968 Walter D. Willson, Wells Marble & Hurst, PLLC, Jackson, MS, for Plaintiffs.

MEMORANDUM OPINION
MILLS, District Judge.
This cause comes before the Court on the defendants' motion to dismiss [7-1] and the plaintiffs' motion for summary judgment [13-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.
The plaintiffs in this case are several insurance companies who are defendants in the case of Walton et al v. Tower Loan et al, Cause No. 14-CI-02-0170 in the Coahoma County Circuit Court. The defendants, Cleotis Mister and Dorothy Stanford are two of the plaintiffs in the Walton case. The Walton plaintiffs, including Mister and Stanford, filed that action in January of 2003, and the Walton defendants subsequently removed it to federal court. On July 1, 2004, the insurance companies also filed this separate complaint which seems to compel Mister and Stanford to arbitrate their claims pursuant to an arbitration agreement. In an order dated September 28, 2004, this Court remanded the Walton action back to Coahoma County. See Walton v. Tower Loan, 338 F.Supp.2d 691 (N.D.Miss.2004). Mister and Stanford now seek to dismiss the instant case, arguing that the insurance companies have waived their arbitration rights or alternately, that the "first-to-file" rule requires that this petition be either dismissed or stayed. The insurance companies, for their part, seek summary judgment.

ANALYSIS
Congress provided in the Federal Arbitration Act ("FAA") that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1999). Section Four of the FAA specifically contemplates that parties aggrieved by another party's failure to arbitrate under a written contract may file a petition in a United States District Court to compel that party to arbitrate their claims. 9 U.S.C. § 4 (1999). In addition, the FAA expresses a strong federal policy in favor of arbitration, and any doubts concerning the scope of arbitration issues should be resolved in favor of arbitration. Southland Corp. v. Keating, 465 U.S. 1, 10, 104 S.Ct. 852, 857, 79 L.Ed.2d 1 (1984); Mouton v. Metropolitan Life Ins. Co., 147 F.3d 453, 456 (5th Cir.1998).
The Fifth Circuit has directed courts to perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. R.M. Perez & Assocs., Inc. v. Welch, et al., 960 F.2d 534, 538 (5th Cir.1992). First, the court must determine whether the parties agreed to arbitrate the dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. Webb v. Investacorp, Inc., 89 F.3d 252, 257-58 (5th Cir.1996). Once the court finds that the parties agreed to arbitrate, it must then consider whether any federal statute or policy renders the claims nonarbitrable. Perez, 960 F.2d. at 538. In conjunction with this inquiry, a party seeking to avoid arbitration must allege and prove either that the arbitration provision itself was a product of fraud or coercion or that *969 another ground exists at law or equity that would allow the parties' contract or agreement to be revoked. Sam Reisfeld & Son Import Co. v. S.A. Eteco, et al, 530 679, 680-81 (5th Cir.1976). A written arbitration agreement is prima facie valid and must be enforced unless the opposing party... "allege[s] and prove[s] that the arbitration clause itself was a product of fraud, coercion, or `such grounds as exist at law or in equity for the revocation of the contract.'" Freudensprung v. Offshore Technical Services, Inc., 379 F.3d 327, 341 (5th Cir.2004).
On the subject of waiver of arbitration rights, the Fifth Circuit has said:
"Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden.
To invoke the judicial process "[t]he party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." Further, "a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate."
Republic Ins. Co. v. PAICO Receivables, LLC, 383 F.3d 341, 344 (5th Cir.2004)(internal citations omitted). The Fifth Circuit has also identified three factors in determining whether invocation of the judicial process prejudices the other party to the extent that waiver can be found: (1) pre-trial activity (other than discovery) which is related to all of the parties' claims, including those conceded to be arbitrable; (2) the time and expense incurred in defending against a motion for summary judgment made by the party now seeking arbitration; and (3) a party's failure to timely assert its right to arbitration. Republic Ins., 383 F.3d at 346.
The record in both this case and the Walton case reflects that the First Amended Complaint in Walton was filed on January 28, 2003, Walton was removed on May 19, 2003, and the motion for remand (which stayed all discovery except for remand-related discovery) was filed on December 30, 2003. Between January 28 and December 30 of 2003, the docket sheet only reflects routine activity by the Walton defendants, including the filing of answers and counter-claims, and, of course, remand-related discovery. Mister and Stanford argue forcefully that the extensive discovery sought by the insurance companies constitutes "the kind of delays and expenses that a timely petition to compel arbitration is supposed to avoid."
The Court disagrees. Fifth Circuit precedent makes it plain that removal of a case to federal court and remand-related activities alone do not constitute substantial invocation of the judicial process. Williams v. Cigna Financial Advisors, Inc., 56 F.3d 656, 661 (5th Cir.1995)(holding that party did not substantially invoke judicial process and waive its right to arbitration by removing action to federal court, filing motion to dismiss, filing motion to stay proceedings, answering complaint, asserting counterclaim and exchanging Rule 26 discovery). Indeed, this Court could not even address the arbitration issue had it been raised in the course of the Walton litigation without first finding that subject matter jurisdiction existed, as it obviously does in the instant case. In short, the Court finds that the insurance companies did not substantially invoke the judicial process to the detriment or prejudice of Mister and Stanford, and thus, they have not waived their rights to arbitration.
*970 Turning to the issue of the "first-to-file" rule, the Court finds this doctrine to be irrelevant to the case at hand. Generally, the "first-to-file" rule apples when related cases are pending before two federal courts, and in such cases, the court in which the case was last filed may refuse to hear it if the issues raised by the two cases substantially overlap. Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir.1999); see also West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728 ("The federal courts long have recognized that the principle of comity requires federal district courtscourts of coordinate jurisdiction and equal rankto exercise care to avoid interference with each other's affairs."). The "first-to-file" rule might be relevant if the Walton case were currently on the docket of another federal district court judge, although ultimately it is a discretionary doctrine. Cadle Co., 174 F.3d at 603. However, as this Court has recently remanded Walton back to the Coahoma County Circuit Court, the "first-to-file" doctrine is inapplicable. Rather, now that Walton is once again a state court action, the instant action seeks exactly the sort of relief provided by § 4 of the FAA. Accordingly, the motion by Mister and Stanford to dismiss must be DENIED.
Finally, turning to the motion for summary judgment filed by the insurance companies, the motion is accompanied by the arbitration agreements themselves, which are unambiguous and are clearly signed by Mister and Stanford. Mister and Stanford have not responded to the insurance companies' motion for summary judgment which was filed on September 30, 2004. However, they have never disputed the existence of an arbitration agreement in any of their pleadings before this Court, only that the arbitration agreement should not be enforced due to either waiver or the "first-to-file" rule. Likewise, the Court perceives no basis for finding that the arbitration clause at the heart of this dispute was produced through fraud, coercion or any other basis for rejecting its application. As federal jurisdiction over the instant case exists, the Court finds that § 4 of the FAA is applicable to the claims of Mister and Stanford and that the Walton action in the Coahoma County Circuit Court must be stayed while their claims are submitted to arbitration.

CONCLUSION
Based on the foregoing analysis, it is hereby ORDERED that the defendants' motion to dismiss [7-1] is DENIED and the plaintiffs' motion for summary judgment is GRANTED. A separate order to that effect shall issue this day.

ORDER
Pursuant to the memorandum opinion issued this day, it is hereby ORDERED:
1. that the defendants' motion to dismiss [7-1] is DENIED and the plaintiffs' motion for summary judgment [13-1] is GRANTED;
2. That the following defendants are compelled to submit their claims in the case of Walton et al v. Tower Loan et al, Cause No. 14-CI-02-0170 in the Coahoma County Circuit Court to arbitration;
3. That proceedings in the case of Walton et al v. Tower Loan et al, Cause No. 14-CI-02-0170 in the Coahoma County Circuit Court are STAYED pending completion of arbitration;
4. That this case is CLOSED.