# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2007

Charles R. Fulbruge III
Clerk

No. 06-60692

UNITY COMMUNICATIONS CORPORATION

Plaintiff-Appellee

V.

CINGULAR WIRELESS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:03-CV-115

Before DENNIS, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Unity Communications Corporation ("Unity") brought suit against Cingular Wireless's ("Cingular") predecessor company, alleging breach of contract. The parties engaged in extensive pretrial activity, including a motion for summary judgment which was appealed to this Court. Cingular moved to compel arbitration three years after the suit was commenced and the district court denied its motion. Cingular appeals and we affirm the finding of the district court for the reasons stated below.

---

[*] Pursuant to 5TH CIR. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.  FACTS AND PROCEEDINGS

This case is about whether Cingular waived its right to compel arbitration by not making a demand for arbitration until three years into the current lawsuit. Unity resold wireless phone services provided by Cingular and its predecessor companies to businesses in Mississippi under a reseller agreement which included an arbitration clause. The parties had a dispute in 2001 and entered into a letter agreement which did not include an arbitration clause. Unity subsequently sued Cingular, alleging that Cingular had breached the original reseller agreement. Cingular moved for summary judgment on the ground that the 2001 letter agreement constituted "mutual accord, satisfaction and release" of all claims arising under the original reseller agreement. The district court denied Cingular's motion and certified it for interlocutory appeal because it raised "close . . . and controlling questions of law." The Fifth Circuit summarily affirmed the district court's decision. Unity Commc'ns Corp. v. BellSouth Cellular, No. 04-61132, 2006 U.S. App. LEXIS 5193, at *2 (5th Cir. Mar. 1, 2006) (per curiam).

On remand before the district court, Cingular moved to bifurcate the trial on the threshold issue of whether the reseller agreement was still in force, or in the alternative to compel arbitration under the reseller agreement. The district court denied Cingular's motions to bifurcate the trial or in the alternative to compel arbitration. The court found that Cingular had waived its right to arbitration by raising it for the first time three years after the start of litigation. Cingular now appeals the district court's decision not to compel arbitration. The appeal is properly before this Court under 9 U.S.C. § 16(a)(1)(A).

## II.  STANDARD OF REVIEW

This Court reviews the question of "whether a party's conduct amounts to a waiver of arbitration de novo." Republic Ins. Co. v. PAICO Receivables, LLC, 383 F.3d 341, 344 (5th Cir. 2004). This Court "review[s] any factual findings

underlying the district court's waiver determination for clear error." Id. Findings of prejudice are considered factual and are reviewed by this Court for clear error. Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1163 (5th Cir. 1986) ("[W]e hold that a determination that a party has waived its right to compel arbitration is a legal conclusion[;] . . . however, a finding of prejudice in support of that conclusion is a question of fact subject to the clearly erroneous standard of review.").

## III.  DISCUSSION

Cingular argues that the district court erred in finding that it waived its right to arbitrate. "There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." Republic Ins. Co., 383 F.3d at 344.

There are two prongs to a waiver analysis: whether the defendant substantially invoked the legal process, and whether this prejudiced the plaintiff. Id. "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." Id. (internal quotation omitted). However, "a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." Id. (internal quotation omitted). Prejudice to the other party can arise from three factors:

> First, while discovery relating to non-arbitrable claims is not prejudicial, where the pretrial activity was related to all of the parties' claims, including those that were conceded to be arbitrable, arbitration would result in prejudice. Second, the time and expense incurred in defending against a motion for summary judgment could prejudice the party opposing arbitration. Third, a party's failure to timely assert its right to arbitrate a dispute is also relevant to the prejudice determination.

Id. at 346 (internal citations omitted). Failure to timely raise a claim for arbitration does not automatically result in waiver, but "'where a party fails to

demand arbitration . . ., and, in the meantime engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised, i.e., prejudiced.'" Id. at 347 (quoting Price, 791 F.2d at 1161).

Although there is a heavy presumption against waiver, here it has been overcome by Cingular's full participation in this lawsuit. Cingular and its predecessor companies filed several motions to extend the time to respond to Unity's original complaint. Cingular participated in discovery and moved to dismiss the suit. Cingular also moved for summary judgment and took an interlocutory appeal of that motion to this Court. In Price, this Court held that the defendant who engaged in extensive discovery and filed a motion for summary judgment waived its right to arbitration by substantially invoking the judicial process and that it was not clear error to find that the delay and expense caused by the motion for summary judgment prejudiced the plaintiff. Price, 791 F.2d at 1157–58, 1163. The Price court distinguished other cases in which there had been extensive pre-trial activity by noting that in those cases the defendant had given notice of its intent to pursue arbitration in its initial answer. Id. at 1161. We hold that Cingular substantially invoked the judicial process by engaging in discovery, moving to dismiss, moving for summary judgment and taking an appeal to this Circuit before it gave Unity notice of its intent to seek arbitration.[1]

With regard to the second prong of the waiver analysis, we hold that the district court did not clearly err when it found that the time and expense required to respond to Cingular's motion for summary judgment prejudiced

---

[1] We note in passing that the district court erred when it found that Cingular's legal position (that the reseller agreement which contained the arbitration agreement was no longer in force) was inconsistent with a demand for arbitration. This is incorrect in light of General Guaranty Insurance Co. v. New Orleans General Agency, Inc., in which this Court held that litigating the existence of an arbitration agreement before demanding arbitration is both "prop[er] and desirab[le]." 427 F.2d 924, 928 (5th Cir. 1970).

Unity. The district court's finding is consistent with this Court's holding in Price. 791 F.2d at 1161–62. Cingular argues that the motion for summary judgment could not result in prejudice to Unity because it was part of Cingular's ongoing attempt to ascertain whether the arbitration agreement was still in force. While Cingular's attempt to litigate the validity of the reseller agreement does not by itself create prejudice, it was prejudicial for Cingular to litigate the validity of the agreement without putting Unity on notice that it would seek arbitration on the merits if the agreement was found to be still in force. See Gen. Guaranty Ins. Co. v. New Orleans Gen. Agency, Inc., 427 F.2d 924, 929 & n.6 (5th Cir. 1970) (characterizing cases in which the defendant filed a counterclaim before raising the demand for arbitration "as defendant's '[i]rrevocably [locking] litigious horns by filing a counterclaim'") (quoting Hilti, Inc. v. Oldach, 392 F.2d 368, 371 (1st Cir. 1968)).

Cingular points out that the majority of the three-year delay here was created by factors beyond its control, including the effect of Hurricane Katrina on the Southern District of Mississippi. However, it is the content of the delay, not its length, which is dispositive. This Court has held that delays as long as eight years did not create prejudice when an arbitration claim was raised early in the suit and the delay was attributable to claims by parties not subject to the arbitration agreement. See Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 327–28 (5th Cir. 1999). On the other hand, in Price this Court found that a delay of about fifteen months created prejudice because the defendants moved for summary judgment and engaged in extensive discovery before demanding arbitration. Price, 791 F.2d at 1157, 1162. In light of Cingular's extensive pre-demand litigation activity, which included a motion for summary judgment and an appeal to this Circuit, the district court did not clearly err in finding that Cingular's delay in demanding arbitration prejudiced Unity.

## IV.  CONCLUSION

We AFFIRM the judgment of the district court and REMAND this case for proceedings below.