# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2010

Charles R. Fulbruge III
Clerk

No. 09-30113

CAROLYN HALL–WILLIAMS,

Plaintiff - Appellee

v.

LAW OFFICE OF PAUL C. MINICLIER, PLC,

Intervenor Plaintiff - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-04257

Before KING, GARZA, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Intervenor plaintiff–appellant, the Law Office of Paul C. Miniclier, PLC, appeals the district court's judgment awarding him partial attorney's fees and costs in his attorney's fees dispute with his former client, plaintiff-appellee Carolyn Hall–Williams. We determine that the district court erred in denying Miniclier's motion to stay proceedings pending arbitration, and accordingly, we VACATE the judgment of the district court and REMAND for entry of an appropriate order referring Hall–Williams and Miniclier to arbitration and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30113

staying proceedings pending arbitration.

## I. BACKGROUND

In September 2006, Carolyn Hall–Williams (Hall–Williams) retained the Law Office of Paul C. Miniclier, PLC (Miniclier)[1] to represent her in a dispute with her homeowner's insurance provider, Allstate Insurance Company (Allstate), concerning damages to her home caused by Hurricane Katrina. Hall–Williams and Miniclier entered into a retainer contract that provided for a 33⅓% contingency fee if the case settled before suit was filed and a 40% contingency fee thereafter. The contract further provided, in relevant part:

> 5. [I]n the event either party desires to terminate this contract, termination shall be effective only upon receipt of written notice of one party to the other expressing the desire to terminate the contract. However, should I [Hall–Williams] elect to terminate this contract, the [contingency fee] shall still be due payable to the Law Office of Paul C. Miniclier, P.L.C. by me upon judgment or compromise of this matter.

> 6. It is further agreed that, should any and all disputes and/or claims of any kind or nature arising [sic] under or from this contract, I [Hall–Williams] specifically agree that said disputes and/or claims shall be submitted to binding arbitration before the Louisiana State Bar Association, pursuant to its rules and procedures.

Miniclier filed suit in federal court, on behalf of Hall–Williams, against Allstate in August 2007. Hall–Williams and Miniclier dispute what occurred after suit was initiated: Miniclier contends that it performed substantial work on Hall–Williams's matter, and Hall–Williams denies these contentions.

Also at this time, David Binegar and Tiffany Christian—the two lawyers who comprise the firm that currently represents Hall–Williams—were employed by Miniclier and worked on Hall–Williams's lawsuit against Allstate for

---

[1] Paul Miniclier, one of the attorneys in Miniclier who worked on Hall-Williams's case against Allstate, is referred to herein as Paul Miniclier.

No. 09-30113

Miniclier. On March 7, 2008, Binegar and Christian resigned from Miniclier to form Binegar Christian, LLC (Binegar Christian). Hall–Williams decided to retain Binegar Christian as her counsel in her suit against Allstate sometime in early March 2008. Hall–Williams then entered into a retainer contract with Binegar Christian.

After retaining Binegar Christian, Hall–Williams mailed Miniclier a letter on March 12, stating: "I have decided to retain the services of Binegar Christian and no longer require your services. Please release my file to Binegar Christian." Hall–Williams claims that she terminated Miniclier as counsel because Miniclier refused to agree to a confidential settlement with Allstate even though she was amenable to such an arrangement. She also alleges that Miniclier told her it was using her case for purposes that she believes did not advance her claim.

Miniclier initially opposed substitution of counsel. However, after the district court ruled in favor of Allstate on a pair of motions that were earlier filed by Miniclier, Miniclier voluntarily moved to withdraw as Hall–Williams's counsel, and the district court granted this motion. Miniclier then moved to file an intervention complaint on April 9, 2008, seeking "to protect its financial interest and lien privilege under Louisiana law in the outcome of the litigation[.]" Hall–Williams objected to the intervention based on the merits of Miniclier's claim and not on Miniclier's right to intervene. The district court granted Miniclier's intervention on April 30, expressing no opinion as to the intervention's merits.

Hall–Williams and Allstate settled their dispute on May 13, 2008, for a confidential amount. In a May 7 email to Binegar Christian, Paul Miniclier refused to attend the settlement conference because of a mediation with another client; however, he insisted that Miniclier was due a full 40% (plus costs) of whatever settlement was reached. Following this settlement, the magistrate

judge overseeing the matter entered an order requiring Miniclier to file a fee application by May 23 and Hall–Williams to respond to the fee application.

Miniclier then moved on May 23 to stay its intervention into the suit, pending arbitration. Although the motion is not pellucid, we read it as also requesting a referral to arbitration. In the memorandum in support of this motion, Miniclier claimed that the motion to stay should be granted since the fee dispute should be referred to arbitration. The same day, Minicler also filed several objections to the magistrate judge's order requiring a fee application. In these objections, Miniclier again argued that the proceedings should be stayed, pending referral to arbitration pursuant to Miniclier's contract with Hall–Williams.

Hall–Williams responded on June 5 and sought denial of Miniclier's motion to stay by claiming that the fee dispute was not referable to arbitration because either the arbitration clause was unenforceable due to the termination of Miniclier's representation or, in the alternative, that Miniclier had waived its right to seek arbitration. On June 20, the district court denied Miniclier's motion to stay intervention and overruled Miniclier's objections to the magistrate judge's order; Miniclier's arbitration contentions, along with several other objections, were denied as not addressing the magistrate judge's fee application order.

Miniclier then filed a fee application with the magistrate judge, requesting 40% of Hall–Williams's settlement with Allstate or, in the alternative, $32,328.12, supported by a 19-page "pre-bill worksheet" claiming services performed by Paul Miniclier, David Binegar, Tiffany Christian, and support staff. Hall–Williams responded by filing documents that allegedly showed that Miniclier's "pre-bill worksheet" contained erroneous time entries. Hall–Williams also disputed Paul Miniclier's billing rate. In its reply, Miniclier claimed that the documents, presented by Binegar Christian in response to its application,

were misappropriated from its office, and that this misappropriation required resort to only the pre-bill worksheet Miniclier had submitted. The magistrate judge issued a recommendation on October 8 that Miniclier be awarded $350 as the cost of intervention but be denied attorney's fees because it determined that Miniclier's billing was inaccurate and that Miniclier was fired "for cause."

Miniclier objected to the magistrate judge's recommendation by again reiterating that the court should have stayed proceedings once arbitration was invoked or, alternatively, that the magistrate judge's treatment of Miniclier's claim for attorney's fees was improper. On November 14, the district court ordered that Miniclier's fee application would be treated as a motion for summary judgment and requested that the parties file corresponding memoranda. Both parties filed the requested documents, with Hall–Williams requesting that the court treat her memorandum as a cross-motion for summary judgment.

After these filings, the district court issued an opinion and rendered judgment on January 28, 2009. The district court granted Miniclier's fee application in part and entered judgment in favor of Miniclier, awarding $350 for the cost of filing Hall–Williams's lawsuit and $2,600 in attorney's fees to Miniclier. The court found that there were no genuine issues of material fact on several issues and made the following findings and conclusions: Miniclier's motion to stay pending arbitration was properly denied because, by filing the motion to intevene, it had submitted its fee dispute to the court; Miniclier was terminated for cause; Miniclier's pre-bill worksheet failed to carry its summary judgment burden; and Paul Miniclier had worked only thirteen hours on Hall–Williams's case. Miniclier appeals this judgment, arguing that the district court erred by (1) denying its motion to stay pending arbitration; (2) denying its objections to the magistrate judge's order requiring a fee application; and (3) employing summary procedures and denying Miniclier the full amount of

attorney's fees that it requested.

## II. DISCUSSION

We first consider whether the district court erred in denying Miniclier's motion to stay its intervention pending arbitration with Hall–Williams. We review a denial of a motion to stay a proceeding pending arbitration de novo. *Tittle v. Enron Corp.*, 463 F.3d 410, 417 (5th Cir. 2006).

The district court determined that "[b]y filing the motion to intervene, Miniclier submitted the matter of determining fees and costs to the court" and thus denied Miniclier's motion to stay pending arbitration. This was erroneous.

The Federal Arbitration Act (FAA) states, in relevant part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."

9 U.S.C. § 3. Thus, when determining whether a motion to stay pending arbitration should be granted, we first determine whether there is a written agreement to arbitrate; then whether any of the issues raised are referable to arbitration. *In re Complaint of Hornbeck Offshore Corp.*, 981 F.2d 752, 754 (5th Cir.1993) (citing *Midwest Mech. Contractors, Inc. v. Commonwealth Constr. Co.*, 801 F.2d 748, 750 (5th Cir. 1986)). In undertaking this analysis, we note that "[the FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983); *see also Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir. 2000) (discussing *Moses H. Cone*).

No. 09-30113

Here, the parties do not dispute that there is a written agreement to arbitrate and that the attorney's fee dispute is covered by the arbitration clause. Instead, Hall–Williams argues that the arbitration clause in her contract with Miniclier is unenforceable because she terminated her relationship with Miniclier or, alternatively, that Miniclier waived its right to arbitrate by invoking the litigation process. Both of these arguments are without merit.

With respect to the enforceability of the arbitration clause, Hall–Williams does not argue that the contract or the arbitration clause between Miniclier and Hall–Williams was revocable or was revoked by the parties. As such, under the FAA, the arbitration clause is enforceable. *See* 9 U.S.C. § 2 ("A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter *arising out of such contract . . .* , shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (emphasis added)); *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46, 448 (2008) (reiterating that "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract[]" and thus is enforceable, even if there is a question whether the putative contract itself is void); *Hornbeck*, 981 F.2d at 755 (citing *In re Complaint of Sedco, Inc.*, 767 F.2d 1140, 1148 (5th Cir. 1985) ("[a]bsent allegations of fraud in the inducement of the arbitration clause itself, arbitration must proceed when an arbitration clause on its face appears broad enough to encompass the party's claims.")).

Hall–Williams's argument that Miniclier waived its right to arbitrate also lacks merit. The right to arbitration may be waived, but courts apply a presumption against waiver. *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995). "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497

(5th Cir. 1986). In this context, prejudice "refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue.'" *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 327 (5th Cir. 1999) (quoting *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 134 (2d Cir. 1997)). Waiver thus occurs when the party seeking arbitration "'engage[s] in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration.'" *Keytrade USA v. Ain Temouchent M/V*, 404 F.3d 891, 897 (5th Cir. 2005) (quoting *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004)).

Hall–Williams alleges that Miniclier waived its right to arbitrate the dispute by (1) filing the April 9, 2008, motion to intervene; (2) sending an email on May 7, 2008, declining to attend the settlement conference; and (3) failing to invoke arbitration in response to the magistrate judge's May 13, 2008, order requiring a fee application from Miniclier. However, these events do not demonstrate that Miniclier waived its right to arbitration.

Miniclier filed a motion for leave to intervene on April 9, 2008, which was granted on April 30. Miniclier's next filing was the motion to stay intervention pending arbitration on May 23. The motion to stay was filed within the specified time frame ordered by the magistrate judge to file a fee application and before any substantial litigation concerning the fee dispute had occurred. Indeed, the motion to stay pending arbitration was filed only ten days after the May 13 settlement between Allstate and Hall–Williams that provided the award from which the contingency fee is derived.

The request for a stay pending arbitration was therefore invoked in the second court filing only one and one-half months after the initial motion to intervene and less than four weeks after the motion to intervene was granted. Thus, assuming *arguendo* that Miniclier "delayed" arbitration at all by waiting

8

six weeks between its intervention and motion to stay, we conclude that this delay is not of sufficient duration to warrant a finding of waiver in the absence of prejudice, which Hall–Williams has not alleged. *Cf. Republic Ins.*, 383 F.3d at 344–45 (finding waiver where party requesting arbitration did so days before trial after answering a complaint, conducting discovery, and filing numerous motions); *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 421 (5th Cir. 1985) ("[T]his and other courts have allowed [eight months before filing and participation in discovery] as well as considerably more activity without finding that a party has waived a contractual right to arbitrate." (citing cases)). Thus, we conclude that Miniclier has not waived its right to arbitrate the fee dispute.[2]

Accordingly, because the underlying fee dispute is "referable to arbitration" under Hall–Williams and Miniclier's retainer contract, the district court erred in denying Miniclier's motion to stay pending arbitration. 9 U.S.C. § 3; *Subway Equip. Leasing*, 169 F.3d at 327 (holding that because their was no waiver of the right to arbitrate, the FAA "require[s] the district court to stay litigation pending arbitration" (citing *Hornbeck*, 981 F.2d at 754)). We remand for entry of an appropriate order referring Hall–Williams and Miniclier to arbitration and staying proceedings pending arbitration.

Because the district court erred in denying Miniclier's motion to stay pending arbitration, we also vacate, without expressing any opinion as to the results, the district court's subsequent judgment, awarding partial attorney's fees and costs to Miniclier. Because we vacate the judgment of the district court and remand for referral to arbitration, we need not decide the two other issues

---

[2] We do not see how Miniclier's May 7 email to Binegar Christian, allegedly declining the invitation to attend the settlement conference with Hall–Williams and Allstate, is relevant to the matter of waiver. The email is an out-of-court statement to opposing counsel that neither references arbitration nor concerns the arbitrability of the fee dispute. As such, we cannot say that this email constitutes (or contributes to) any invocation of the litigation process, much less a substantial invocation of the litigation process, nor can we say that this email suggests any delay in seeking arbitration. *See Miller Brewing*, 781 F.2d at 497.

No. 09-30113

Miniclier presents on appeal—whether the district court erred by (1) denying Miniclier's objection to the magistrate judge's order requesting a fee application and (2) employing summary procedures and denying Miniclier the full amount of attorney's fees that it requested.

In Hall–Williams's original briefing to this court, one argument was made that should be briefly addressed, although not resolved, in light of the arbitration that will shortly ensue. Specifically, Hall–Williams argued that Binegar Christian could not be added as a party to the Hall–Williams–Miniclier arbitration.[3] Given the Louisiana law[4] and the statements offered by Binegar Christian,[5] we were not convinced by Hall–Williams's briefing that there was any impediment to adding Binegar Christian as a party to the Hall–Williams–Miniclier arbitration. We are not required to decide that question, however, and we leave that decision to the district court if such a

---

[3] Under the circumstances, Hall–Williams and Binegar Christian may have conflicting interests which both should carefully consider. *Cf.* LA. R. OF PROF'L CONDUCT R. 1.7(a)(2) (2004).

[4] Under Louisiana substantive law, when a client discharges one lawyer operating under a contingent fee contract and subsequently hires, for representation in the same matter, another lawyer, also operating under a contingent fee contract, the presence of the client's subsequent counsel may be necessary to the resolution of an attorney's fee dispute between the client and his former counsel. *See Saucier v. Hayes Dairy Prods., Inc.*, 373 So. 2d 102, 119 (La. 1978) (opinion on rehearing) (remanding attorney's fee dispute to join subsequent counsel as an indispensable party); *see also O'Rourke v. Cairns*, 683 So. 2d 697, 704 (La. 1996) (holding that, even when counsel is terminated for cause, the terminated counsel is entitled to a recovery, reduced based on the "nature and gravity of the cause which contributed to the dismissal," from the apportioned total attorney's fee award). Binegar Christian may thus be a required party for resolution of this litigation. *See* FED. R. CIV. P. 19. However, we leave the question whether Binegar Christian should be added to the litigation as a required party for the district court to decide in light of subsequent developments.

[5] In supplemental briefing before us, Binegar Christian averred that it also has an arbitration clause in its contract with Hall–Williams. Further, at oral argument, Binegar Christian proffered that it had already paid itself from the Allstate settlement funds held in its client trust account, leaving only a small amount of those funds in that account. However, whether Binegar Christian and Hall–Williams actually have an agreement to arbitrate disputes and whether Binegar Christian has actually handled the settlement funds as it claims are questions that we must leave to the district court to consider in the first instance.

10

No. 09-30113

motion is made. Suffice it to say that this argument does not support affirmance of the district court's order denying arbitration.

## CONCLUSION

For the foregoing reasons, we VACATE the judgment of the district court and REMAND for entry of an appropriate order referring Hall–Williams and Miniclier to arbitration and staying proceedings pending arbitration.