# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2010

No. 09-30310

Charles R. Fulbruge III
Clerk

C.C.N. MANAGED CARE, INC.,

Plaintiff - Appellee

v.

FAYEZ SHAMIEH A.M.C.; SOUTHWESTERN LOUISIANA
HOSPITAL ASSOCIATION, doing business as Lake Charles
Memorial Hospital; LAKE CHARLES PHYSICIAN HOSPITAL
ORGANIZATION; ENGLAND MASSE CLINIC; R. DALE
BERNAUER; KEVIN GORIN; LYNN FORET,

Defendants - Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CV-519

Before KING, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellants are health care providers (Providers) who contracted with
appellee CCN, a Preferred Provider Organization (PPO). In exchange for CCN's
referrals to insurance companies and employers (Payors), the Providers agreed
to provide health care services to the Payors at discounted rates. The Providers

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

first filed an action in state court seeking to declare their contracts with PPOs unenforceable. The action was removed to federal court and the plaintiff Providers dismissed a number of defendants, including CCN. In this separate action, CCN sought a declaratory judgment that the discounts taken pursuant to its contracts with the Providers are valid. After months of delay in the proceeding, the Providers moved to compel arbitration under the mandatory provisions of the contracts. The court denied their motion and the Providers filed this appeal once the district court's order became a final judgment. For the reasons that follow, we affirm the district court's denial of the motion.

I.

We begin with some background. In January 2006, the Providers filed a declaratory action in Louisiana state court against CCN, among many other defendants, in *Shamieh, et al. v. American Interstate Ins. Co., et al. (American Interstate).* The Providers sought a declaratory judgment that the PPO network discounts taken by Payors for services rendered by the Providers, pursuant to CCN's (and others') PPO agreements, were unenforceable under the Louisiana Workers Compensation Laws (WCL), La. Rev. Stat. § 23:1031 *et seq.,* and Any Willing Provider Act (AWPA), *id*. § 40:2201 *et seq*. In February 2006, one of the defendants removed the case to federal court, at which point the Providers voluntarily and quickly dismissed CCN and 115 of the other defendants.

CCN then filed the instant action on March 28, 2006, seeking a federal declaratory judgment declaring that its contracts were not subject to the notice requirements of the AWPA, and were valid and enforceable under the WCL. The complaint also sought damages and attorneys' fees for breach of contract, based on the assertion that the Providers' state court suit in *American Interstate* constituted a breach of their agreement to charge only a discounted amount to Payors.

No. 09-30310

In April 2006, without mentioning the arbitration clause, the now federal defendant Providers moved to dismiss or stay proceedings based on two pending state court cases and the pending appeal of a federal case concerning similar issues, *Liberty Mutual Ins. Co. v. Gunderson,* 2006 WL 367700 (W.D. La.). The district court granted a stay based on the *Liberty Mutual* appeal. After another panel of this court dismissed that appeal for lack of jurisdiction, the district court lifted the stay on December 21, 2006.

CCN filed a motion for summary judgment on May 3, 2007. On May 31, 2007, the Providers filed a motion to compel arbitration. On July 20, the district court denied the Providers' motion on the ground that they had waived their rights to arbitration. The court simultaneously granted summary judgment to CCN on its declaratory judgment claims, leaving only the breach of contract claims, which CCN later moved to dismiss. On February 2, 2009, the district court granted CCN's motion to dismiss, rendering the court's July 20, 2007, order final and appealable. Providers appeal only the denial of their motion to compel arbitration.

## II.

We review *de novo* the district court's legal conclusion that the Providers waived arbitration, but review underlying factual findings for clear error. *Subway Equipment Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999). Specifically, whether a party substantially invoked the judicial process and whether there was prejudice are both factual findings that we review for clear error. *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004).

There is, of course, a strong presumption in favor of arbitration and "any doubts . . . should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). But, "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial

3

No. 09-30310

process to the detriment or prejudice of the other party." *Subway*, 169 F.3d at 326 (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986)). Furthermore, "the act of a plaintiff filing suit without asserting an arbitration clause constitutes substantial invocation of the judicial process."[1] *Nicholas v. KBR, Inc.*, 565 F.3d 904, 980 (5th Cir. 2009). However, "a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." *Subway*, 169 F.3d at 328.

Finally, the non-moving party opposing arbitration must come forward to demonstrate that it was prejudiced by the moving party's substantial invocation of the judicial process, and "[p]rejudice in the context of arbitration waiver refers to delay, expense, and damage to a party's legal position." *Nicholas*, 565 F.3d at 910. Prejudice is more easily demonstrated when the moving party seeking to arbitrate "engages in pretrial activity inconsistent with an intent to arbitrate," thus failing to "put[] a party on notice that arbitration may be forthcoming." *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1161 (5th Cir. 1986).

On appeal, the Providers argue that the state court suit, *American Interstate*, did not involve the same claims as those raised by CCN in the instant action, which the Providers are now seeking to arbitrate. Each party has a different characterization of the state court litigation, but the district court found, and we agree, that it involved the same claims as those in the federal action. Both actions involved the same contracts between CCN and the Providers, and both involved the question of whether the discounts taken under those contracts were in violation of the AWPA and the WCL.

---

[1] *Nicholas* notes two exceptions to its general rule and allows that other exceptions may exist. However, the enumerated exceptions both involve situations in which the party initiates litigation that is not inconsistent with an intent to arbitrate (suing "solely to obtain a threshold declaration as to whether a valid arbitration agreement existed," or suing "to obtain injunctive relief pending arbitration."). Here, the Providers did not mention arbitration in the state court.

Therefore, the Providers' actions in the state court suit must be considered when determining whether they substantially invoked the judicial process regarding the claims in the instant action. We conclude that the Providers' act of filing suit in *American Interstate* constituted a substantial invocation of the judicial process. *See Nicholas*, 565 F.3d at 980. Our conclusion is strengthened by the Providers' continued delay in the federal court before filing the motion to compel arbitration: they attempted dismissal, obtained a stay, and waited for CCN's summary judgment motion, all over a period of fourteen months, before seeking arbitration. There can be no question that they demonstrated a "disinclination" to arbitrate these claims. *See Miller,* 781 F.2d at 497.

Further, we agree with the district court that CCN was prejudiced by the Providers' invocation of the judicial process. In state court, CCN spent $58,000 coordinating the removal to federal court. Even if this would not have been sufficient on its own (CCN did not remove the state court case itself and seems to have been required to do very little in state court before being voluntarily dismissed as a defendant upon removal), CCN's prejudice in the federal action is more substantial; it has spent $110,000 in initiating the suit, responding to the Providers' motion to dismiss or stay, and filing a motion for summary judgment. Further, CCN's legal position has changed considerably because its motion for summary judgment on the merits of its federal declaratory action was successful; it would likely have to relitigate the same issues in arbitration. *See Nicholas*, 565 F.3d at 911 ("KBR would be prejudiced by having to re-litigate in the arbitration forum the ERISA [preemption] issue already decided by the district court in its favor"). Therefore, the district court's finding of prejudice was not clearly erroneous. Because the Providers substantially invoked the judicial process to CCN's prejudice, we agree that they waived their right to arbitrate these claims and consequently the district court's denial of arbitration is

No. 09-30310

AFFIRMED.